United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA REY, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRISTOL HOSPICE, LLC, et al.,<br><br>Defendants. | Case No.  24-cv-04039-JD<br><br>**ORDER RE REMAND** |

This action was removed to this Court on defendants' allegation of jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) (CAFA). Dkt. No. 1 at 4. Plaintiffs have asked to remand the case to state court on the basis of the local controversy exception to CAFA jurisdiction. Dkt. No. 14; 28 U.S.C. § 1332(d)(4)(A). This exception is a "form of abstention," *Adams v. West Marine Products, Inc.*, 958 F.3d 1216, 1223 (9th Cir. 2020), that is narrowly construed to require the Court to decline to exercise jurisdiction when it applies, *Benko v. Quality Loan Service Corp.*, 789 F.3d 1111, 1116 (9th Cir. 2015).

The parties dispute, among other factors relevant to the exception, whether plaintiffs have demonstrated that the conduct of defendant Optimal Health Services, which defendants acknowledge is "a local defendant," Dkt. No. 16 at 13, forms a significant basis of plaintiffs' claims. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb). To answer that question, the Court may "look only to the complaint" and the allegations it contains. *Allen v. Boeing Co.*, 821 F.3d 1111, 1117 (9th Cir. 2016) (citing *Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1015 (9th Cir. 2011)).

As is often the situation when a case is removed, plaintiffs' complaint did not necessarily address "CAFA-specific issues, such as the local controversy exception." *Benko*, 789 F.3d at 1117. Plaintiffs ask for "jurisdictional discovery" in the event of questions about the application

1  of the exception, Dkt. No. 14 at 7, but the proper course is for plaintiffs to file an amended
2  complaint to provide the Court "with the information required to determine whether a suit is
3  within the court's jurisdiction under CAFA." *Benko*, 789 F.3d at 1117.
4      Consequently, plaintiffs may file by April 25, 2025: (1) an amended complaint addressing
5  the "significant basis" element of the local controversy exception, and any other CAFA-related
6  elements they would like to clarify; and (2) a renewed motion to remand based on the amended
7  complaint. A failure to meet this deadline will result in dismissal under Federal Rule of Civil
8  Procedure 41(b).
9      **IT IS SO ORDERED.**
10  Dated: March 13, 2025

JAMES DONATO
United States District Judge