Emil Davtyan, Esq. (#299363)
Gregg Lander, Esq. (#194018)
Vanessa M. Ruggles, Esq. (#254031)
D.LAW, INC.
1635 Pontius Avenue, Floor 2
Los Angeles, CA 90025-3361
Tel.: (424) 320-6420 / Fax: (424) 320-6454
Emails: Emil@d.law, Gregg@d.law,
Vanessa@d.law

Attorneys for Plaintiffs DIANNA REY and MANUEL DAVID
CASTADIO, on behalf of themselves and all others similarly situated

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

|  |  |
|---|---|
| DIANNA REY and MANUEL DAVID CASTODIO, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BRISTOL HOSPICE, LLC, a Utah limited liability company; OPTIMAL HEALTH SERVICES, INC., a California corporation; and Does 1 to 50, inclusive, <br><br> Defendants. | **CLASS ACTION** <br><br> Case No. 3:24-cv-04039-JD <br><br> **FIRST AMENDED COMPLAINT FOR:** <br><br> 1. **FAILURE TO PAY ALL WAGES;** <br> 2. **FAILURE TO PAY ALL OVERTIME WAGES;** <br> 3. **FAILURE TO PROVIDE ALL MEAL PERIODS;** <br> 4. **FAILURE TO AUTHORIZE AND PERMIT ALL PAID REST PERIODS;** <br> 5. **FAILURE TO FULLY REIMBURSE WORK EXPENSES;** <br> 6. **FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS;** <br> 7. **DERIVATIVE VIOLATIONS OF LABOR CODE §§ 201-202;** <br> 8. **INDEPENDENT VIOLATIONS OF LABOR CODE §§ 201-202; AND** <br> 9. **UNFAIR BUSINESS PRACTICES** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Action filed: May 31, 2024 <br> Trial date: None Set |

Plaintiff Dianna Rey and Manuel David Castodio, individuals on behalf of themselves and all others similarly situated (collectively referred to as "Plaintiffs"), hereby files this Complaint against Defendants Bristol Hospice, LLC, Optimal Health Services, Inc., and Does 1 to 50 (collectively referred to as "Defendants"). Plaintiffs are informed and believe, and on the basis of that information and belief, allege as follows:

## I.

## INTRODUCTION

1.     Under Federal Rule of Civil Procedure ("FRCP") Rule 23, Plaintiffs institute this Class action and Private Attorney General action for actual damages, liquidated damages, statutory penalties, restitution, attorneys' fees and the costs of this action against Defendants for multiple violations of the California Labor Code ("Labor Code"), California Business and Professions Code ("B&PC") §§ 17000, et seq. and 17200, et seq., the applicable Wage Order(s) issued by the California Industrial Welfare Commission (the "IWC Wage Order(s)") and related common law principles.

2.     Plaintiffs' action seeks monetary damages including full restitution from Defendants as a result of Defendants' unlawful, fraudulent, and/or unfair business practices.

3.     The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four years preceding the filing of the original Complaint herein, plus additional time provided under Cal. Rules of Court, Appendix I, Emergency Rule No. 9, up to and through the time of trial for this matter (although this should not automatically be considered the statute of limitations for any cause of action herein).

RELEVANT JOB TITLES

4.     For introductory and general information only (and not to be considered a proposed class definition), the relevant individuals in this action are

- 2 -

Defendants' non-exempt employees who were subjected to Defendants' policies and practices as described herein. Any differences in job activities between the different individuals in these positions were and are legally insignificant to the issues presented by this action.

SUMMARY OF CLAIMS

5.    With regard to Defendants' non-exempt employees, Defendants have:

a.   Failed to pay straight time, minimum, and/or overtime wages for all hours worked;

b.   Failed to pay all state-mandated overtime wages for all overtime hours worked;

c.   Failed to provide all legally-required meal periods;

d.   Failed to authorize and permit all paid legally-required rest periods;

e.   Failed to reimburse for all work-related expenses;

f.   Failed to timely furnish accurate itemized wage statements;

g.   Derivatively Violated Labor Code §§ 201-202;

h.   Independently Violated Labor Code §§ 201-202; and

i.   Conducted unfair business practices.

**II.**

**PARTIES**

PLAINTIFFS DIANNA REY AND MANUEL DAVID CASTODIO

6.    Plaintiff Dianna Rey is an individual over the age of 18 and is now and/or at all times mentioned in this Complaint was a citizen of the State of California. Plaintiff Dianna Rey worked for Defendants as a non-exempt employee from approximately April 14, 2010, to the present.

7.    Plaintiff Manuel David Castodio is an individual over the age of 18 and is now and/or at all times mentioned in this Complaint was a citizen of the State of California. Plaintiff Manuel David Castodio worked for Defendants as a non-exempt

REY, ET AL. v. BRISTOL HOSPICE, LLC, ET AL. –  FIRST AMENDED COMPLAINT
CASE NO. 3:24-CV-04039-JD

employee from approximately February 13, 2023, to June 23, 2023.

8.    Plaintiff Dianna Rey and Manuel David Castodio seek recovery herein from Defendants because with regard to Plaintiff Dianna Rey and/or Manuel David Castodio, while acting for Defendants in their capacity as non-exempt employees, Defendants have:

> a.  Failed to pay straight time, minimum, and/or overtime wages for all hours worked;
>
> b.  Failed to pay all state-mandated overtime wages for all overtime hours worked;
>
> c.  Failed to provide all legally-required meal periods;
>
> d.  Failed to authorize and permit all paid legally-required rest periods;
>
> e.  Failed to reimburse for all work-related expenses;
>
> f.  Failed to timely furnish accurate itemized wage statements;
>
> g.  Derivatively Violated Labor Code §§ 201-202;
>
> h.  Independently Violated Labor Code §§ 201-202; and
>
> i.  Conducted unfair business practices.

DEFENDANT BRISTOL HOSPICE, LLC

9.    Defendant Bristol Hospice, LLC ("Bristol Hospice, LLC" or simply, "Bristol"), is now and/or at all times mentioned in this Complaint was a Utah limited liability company and the owner and operator of an industry, business and/or facilities licensed to do business and actually doing business in the State of California.

DEFENDANT OPTIMAL HEALTH SERVICES, INC.

10.   Defendant Optimal Health Services, Inc., ("Optimal Health Services, Inc."  or  simply, "Optimal") is now and/or at all times mentioned in this Complaint was a California corporation and the owner and operator of an industry, business and/or facilities licensed to do business and actually doing business solely

**REY, ET AL. v. BRISTOL HOSPICE, LLC, ET AL. –  FIRST AMENDED COMPLAINT CASE NO. 3:24-CV-04039-JD**

in the State of California.

ALTER EGO BETWEEN DEFENDANT BRISTOL HOSPICE, LLC AND
DEFENDANT OPTIMAL HEALTH SERVICES, INC.

11.     Plaintiffs are informed and believe and, on that basis, allege that there
exists, and at all relevant times there has existed, a unity of interest and ownership
between Defendants Bristol Hospice, LLC, and Optimal Health Services, Inc., such
that any separateness and individuality between them have ceased. Adherence to
the fiction of Defendants Bristol Hospice, LLC, and Optimal Health Services, Inc.,
being separate business entities would permit abuse of any corporate privilege,
sanction fraud, and promote injustice.

DOES 1 TO 50, INCLUSIVE

12.     Does 1 to 50, inclusive, are now and/or at all times mentioned in this
Complaint were licensed to do business and/or actually doing business in
California.

13.     Plaintiffs do not know the true names or capacities, whether
individual, partner or corporate, of Does 1 to 50, inclusive and for that reason,
Does 1 to 50 are sued under such fictitious names under California Code of Civil
Procedure § 474.

14.     Plaintiffs will seek leave of court to amend this Complaint to allege
such names and capacities as soon as they are ascertained.

ALL DEFENDANTS

15.     Defendants have all caused, contributed to causing or were substantial
factors in causing, jointly and severally, the injuries described in the Complaint.

16.     Defendants, and each of them, are now and/or at all times mentioned
in this Complaint were in some manner legally responsible for the events,
happenings, and circumstances alleged in this Complaint. Defendants, and each of
them, directly or indirectly, or through an agent or any other person, employed or
exercised control over the wages, hours, or working conditions of Plaintiffs.

17.   Defendants, and each of them, proximately subjected Plaintiffs to the unlawful practices, wrongs, complaints, injuries, and/or damages alleged in this Complaint.

18.   Defendants, and each of them, are now and/or at all times mentioned in this Complaint were the agents, servants, and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude, and/or employment.

19.   Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership, and common enterprise, and were acting within the course and scope and in pursuance of said joint venture, partnership, and common enterprise.

20.   Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries, and/or damages alleged in this Complaint.

21.   Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

22.   Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

### III.

### JURISDICTION AND VENUE

23.   Plaintiffs file this amended complaint in accordance with the Court's Order dated March 13, 2025, to include allegations that defeat CAFA jurisdiction. Plaintiffs expressly contest that this Court has subject matter jurisdiction.

**REY, ET AL. v. BRISTOL HOSPICE, LLC, ET AL. – FIRST AMENDED COMPLAINT CASE NO. 3:24-CV-04039-JD**

1

2

# IV.

## CAFA AND THE LOCAL CONTROVERSY EXCEPTION

3    24.    The Class Action Fairness Act provides federal jurisdiction where

4  there is minimal diversity, a class of over 100 members, and an amount in

5  controversy over $5,000,000. 28 U.S.C. § 1332(d). However, the local controversy

6  exception to CAFA excludes cases from federal court jurisdiction where "the

7  controversy is at its core a local one." *Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d

8  1010, 1018 (9th Cir. 2011) (quoting S.Rep. No. 109–14, at 41 (2005)).

9    25.    The legislative history of CAFA gives an example of the

10  quintessential local controversy: there is a parent company that is out-of-state, but

11  nearly all the plaintiffs live in state, the suit is brought against a local corporation,

12  and no other class action suits have been filed against the local defendant. *Id.* The

13  Committee Report explained, "This is precisely the type of case for which the

14  Local Controversy Exception was developed." *Id.* (emphasis added). Under this

15  exception, "this case would remain in state court." *Id.* at 1019.

16    26.    A district court "shall" decline to exercise jurisdiction under CAFA's

17  local controversy exception when the following conditions are satisfied: (a) two-

18  thirds of the class are citizens of California; (b) at least one defendant "from whom

19  significant relief is sought" and whose "alleged conduct forms a significant basis

20  for the claims" is a California citizen; (c) the injuries were incurred in California;

21  and (d) none of the defendants have been sued in a "class action" filed in the last

22  three years "asserting the same or similar factual allegations." 28 U.S.C. §

23  1332(d)(4)(A).

24    27.    Each element of the local controversy is present here.

25        a.  The Complaint, as described below in Section IV, defines the class

26            as consisting of only California citizens;

27        b.  Defendant Optimal's conduct forms a significant basis for the

28            claims, and significant relief is sought for this conduct;

**REY, ET AL. v. BRISTOL HOSPICE, LLC, ET AL. – FIRST AMENDED COMPLAINT
CASE NO. 3:24-CV-04039-JD**

c.  The injuries occurred in California;

d.  No similar class action has been filed in the last three years.

28.    Defendant Optimal is a California citizen. Under 28 U.S.C. 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  Optimal is a California citizen because it is incorporated in California. Attached hereto as **Exhibit 1** is a true and correct copy of Defendant Optimal's "Statement of Information," filed with the California Secretary of State on April 14, 2023. Because Defendant Optimal is a California corporation, it is conclusively a California citizen.

29.    Defendant Optimal's conduct forms a "significant basis" for the claims asserted, and the Complaint seeks "significant relief" from Optimal. Although the claims are brought against both Defendants, it is alleged that Optimal is the acting local defendant that committed all of the wage and hour violations described herein, with its parent company, the parent employer being only a non-California affiliate who is jointly liable.

30.    Defendant Optimal committed violations of the California Labor Code, as described in the causes of action below, and those allegations apply only to work performed within California. *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1197 (2011); *see Chase v. Rite Aid Corp.*, No. CV 07-8385DSF(FFMX), 2008 WL 5131200, at *3 (C.D. Cal. Dec. 3, 2008) ("As the class is limited to California employees of Defendants, the principal injuries resulting from the alleged conduct of the Defendants occurred in California").

31.    Defendant Optimal's website states that it operates exclusively in Central California. The alleged damages all occurred in California given the nature of Optimal's business as a provider of in-person, home health care services in Central California, which are alleged to give rise to the Defendants' alleged Labor Code violations. Attached hereto as **Exhibit 2** is a true and correct copy of

Defendant Optimal's "FAQs," available at https://www.optimalhomehealth. com/#faq's (accessed July 25, 2024). Optimal's website confirms that: "Optimal Home Health is a community-based leading home health agency in Central California providing top notch services in Kern, Fresno and Tulare Counties[.]" *Id.*; *see id.* at pp. 4-5 (Optimal's "services offered" include, for example, skilled nursing, physical therapy, and home health aides). As a "home health agency," Optimal's services are – by its own definition – provided in the home and in-person. *See id.* at p. 12 ("Home Health Care refers to medical services that are provided to a patient within the comfort of his or her home[.]"). Optimal's website also includes a map of its service area showing exclusive work in Fresno, Tulare and Kern counties, none of which are near any border state and thus belie any concern that Optimal's hourly employees could reasonably be employed from a neighboring state like Arizona or Nevada. *See id.* at p. 9 (map highlights of Optimal's "Service Areas"). Given the above, it is alleged that each of the hourly, non-exempt employees in the putative class lived and worked in California and are California citizens. As such, the class injuries occurred in California by a California corporation against California citizens.

32. Neither Defendant has been sued in a class action filed in the last three years asserting the same or similar factual allegations. CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). PAGA-only cases are not "class actions" as defined under CAFA. *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 851-52 (9th Cir. 2020) (explaining the 9th Circuit view that PAGA actions are not included in the CAFA definition of "class action" given, among other things, the "lack statutory requirements for numerosity, commonality, typicality, or adequacy of representation that would make them sufficiently 'similar' to actions brought under

Rule 23[.]"). Plaintiffs are aware of two PAGA-only cases that were filed within the past three years alleging similar wage-and-hour violations against Defendant Bristol:

    a.  *Patterson v. Bristol Hospice* – California LLC, et al., Los Angeles Superior Court, Case No. 22STCV09974 (filed March 22, 2022). Attached hereto as **Exhibit 3** is a true and correct copy of Stipulation re: Dismissal in *Patterson v. Bristol Hospice – California LLC, et al.*, Los Angeles Superior Court, Case No. 22STCV09974 (filed March 22, 2022), describing PAGA-only complaint for wage-and-hour violations.

    b.  *Olmos v. Bristol Hospice* – Inland Valley, LLC et al., Riverside County Superior Court, Case No. CVRI2306712 (filed December 14, 2023). Attached hereto as **Exhibit 4** is a true and correct copy of the PAGA-only complaint in *Olmos v. Bristol Hospice – Inland Valley, LLC et al., Riverside County Superior Court*, Case No. CVRI2306712, filed December 14, 2023.

33.    Although those cases may involve wage-and-hour claims, neither is a "class action" as that term is defined by CAFA, meaning the existence of those cases does not make Plaintiffs here ineligible for the local controversy exception.

34.    Plaintiffs are aware that *Olmos* was also filed as a class action in September 26, 2023 in San Bernardino Superior Court, *Beatrice Olmos v. Bristol Hospice - Inland Valley, LLC, et al.*, Case No. CIVSB2323211, which was removed to the United States District Court for the Central District of California Court on November 20, 2023 (Case No. 5:23-cv-02374). Attached hereto as **Exhibit 5** is a true and correct copy of the civil docket for *Olmos v. Bristol Hospice – Inland Valley, LLC et al.,* C.D. Cal. (Case No 5:23-cv-02374-SVW-SHK), as obtained from the Central District court's CM/ECF online case management system on August 19, 2024.

**REY, ET AL. v. BRISTOL HOSPICE, LLC, ET AL. – FIRST AMENDED COMPLAINT**
**CASE NO. 3:24-CV-04039-JD**

35.     However, within two months after the date *Olmos* was removed, Plaintiff Beatrice Olmos stipulated to its dismissal based on the existence of an arbitration agreement with a class action waiver. Attached hereto as **Exhibit 6** is a true and correct copy of the Joint Stipulation to Dismiss Case (Dkt. #18) in *Olmos v. Bristol Hospice – Inland Valley, LLC et al.*, C.D. Cal. (Case No 5:23-cv-02374-SVW-SHK), filed January 18, 2024. In the stipulation, the *Olmos* plaintiff acknowledged she intended to "pursue her individual claims in Arbitration and then return to state court where she has a separately pending PAGA action." Ex. 6 at 4:4-7. *Olmos* had no tenable class claims and was admittedly an invalid class action that was discarded by the plaintiff in favor of her individual and PAGA-only claims. *See id.*; *see also id.*, Ex. 5 (2/1/2024 docket entry stating: "This action will be stayed…the class claims will be dismissed" and "case terminated").

36.     The purpose of the "no other class action" requirement, as explained in *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923 (9th Cir. 2015), is "to ensure that overlapping or competing class actions or class actions making similar factual allegations against the same defendant that would benefit from coordination are not excluded from federal court by the Local Controversy Exception and thus placed beyond the coordinating authority of the Judicial Panel on Multidistrict Litigation." *Id.* at 932 (quoting S. Rep. 109–14, at 41 [Report of the Senate Judiciary Committee (hereinafter "Senate Report")]). The Senate Report further describes the legislature's concerns that competing class actions might be litigated separately in an uncoordinated fashion and that class counsel may compete to control cases. *See id.* After reviewing the legislative history, *Bridewell-Sledge* concludes: "[T]he purpose of the fourth prong of the local controversy exception and an overall purpose of CAFA is to ensure that similar, overlapping class actions do not proceed before different state courts in an uncoordinated, redundant fashion resulting in inefficiencies." *Id. Olmos* was never a valid class action to begin with, and its class claims were dismissed by the parties' stipulation

and the *Olmos'* court's approval. *Olmos* creates no risk of an overlapping or competing class action that would either create inefficiencies or result in uncoordinated or redundant cases. Allowing this matter to proceed in state court despite *Olmos* is consistent with CAFA's goal of ensuring that "state courts can continue to adjudicate truly local controversies in which some of the defendants are out-of-state corporations." *Bridewell-Sledge*, 798 F.3d at 931.

37.    Plaintiffs are unaware of any other case within the past three years alleging the same or similar factual allegations against any of the Defendants or on behalf of the same or other persons.

## V.

## CLASS ACTION ALLEGATIONS

38.    FRCP 23(a) states: "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

39.    Further, Code of Civil Procedure § 382 provides in pertinent part: "…[W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

40.    Plaintiffs bring this suit as a class action pursuant to FRCP 23 and Code of Civil Procedure § 382, on behalf of individuals who are entitled to the monies unlawfully withheld by Defendants.

41.    The putative classes Plaintiffs will seek to certify are currently composed of and defined as follows:

     a.    All California citizens employed by Defendants as non-exempt employees (as defined, supra) during the appropriate time period

who were subjected to Defendants' policies and practices regarding the payment of straight time, minimum and/or overtime wages as specifically described herein (hereinafter, the "Wage Class");

b.  All California citizens employed by Defendants as non-exempt employees (as defined, supra) during the appropriate time period who were subjected to Defendants' policies and practices regarding the payment of overtime wages as specifically described herein (hereinafter, the "Overtime Class");

c.  All California citizens employed by Defendants as non-exempt employees (as defined, supra) during the appropriate time period who were subjected to Defendants' policies and practices regarding meal periods as specifically described herein (hereinafter, the "Meal Period Class");

d.  All California citizens employed by Defendants as non-exempt employees (as defined, supra) during the appropriate time period who were subjected to Defendants' policies and practices regarding paid rest periods as specifically described herein (hereinafter, the "Rest Period Class");

e.  All California citizens employed by Defendants as non-exempt employees (as defined, supra) during the appropriate time period who were subjected to Defendants' policies and practices regarding business expense reimbursement as specifically described herein (hereinafter, the "Reimbursements Class");

f.  All California citizens employed by Defendants as non-exempt employees (as defined, supra) during the appropriate time period who were subjected to Defendants' policies and practices regarding itemized wage statements as specifically described

herein (hereinafter, the "Wage Statement Class");

g.  All formerly-employed California citizens employed by Defendants as non-exempt employees (as defined, supra) during the appropriate time period who were derivatively subjected to Defendants' policies and practices regarding Labor Code § 203 and the payment of final wages as specifically described herein (hereinafter, the "Derivative LC 203 Class");

h.  All formerly-employed California citizens employed by Defendants as non-exempt employees (as defined, supra) during the appropriate time period who were independently subjected to Defendants' policies and practices regarding Labor Code § 203 and the payment of final wages as specifically described herein (hereinafter, the "Independent LC 203 Class"); and

i.  All California citizens employed by Defendants as non-exempt employees (as defined, supra) during the appropriate time period regarding whom Defendants have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by Business & Professions Code §§ 17200, et seq. as specifically described herein (hereinafter, the "17200 Class").

42.    The Wage Class, Overtime Class, Meal Period Class, Rest Period Class, Reimbursements Class, Wage Statement Class, Derivative LC 203 Class, Independent LC 203 Class, and 17200 Class are herein collectively referred to as the "Classes."

43.    Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Classes. Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seek to certify the Classes alleged herein.

///

REY, ET AL. v. BRISTOL HOSPICE, LLC, ET AL. –  FIRST AMENDED COMPLAINT
CASE NO. 3:24-CV-04039-JD

44. <u>Numerosity</u> (FRCP 23(a)(1)); (Code of Civil Procedure § 382):

    a. The potential quantity of members of the Classes as defined is so numerous that joinder of all members is unfeasible and impractical;

    b. The disposition of the claims of the members of the Classes through this class action will benefit both the parties and this Court;

    c. The quantity of members of the Classes is unknown to Plaintiffs at this time; however, it is estimated that the membership of the Classes numbers greater than 100 individuals; and

    d. The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

45. <u>Questions of Law or Fact Common To The Class</u> (FRCP 23(a)(2)): There are common questions of law and/or fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes, including, without limitation:

    a. Whether Defendants paid the legal and appropriate straight time pay, minimum wage pay and/or overtime pay for all work hours to the members of the Wage Class;

    b. Whether Defendants paid the appropriate overtime wages to the members of the Overtime Class;

    c. Whether Defendants failed and continue to fail to provide legally-required meal periods to the members of the Meal Period Class in violation of the Labor Code and Section 11 of the IWC Wage Orders;

    d. Whether Defendants failed and continue to fail to authorize and permit paid legally-required rest periods to the members of the

Rest Period Class in violation of the Labor Code and Section 12 of the IWC Wage Orders;

e.   Whether Defendants failed to fully reimburse for all work-related expenses incurred by the members of the Reimbursements Class;

f.   Whether Defendants failed to timely furnish accurate, itemized and legal wage statements to the members of the Wage Statement Class;

g.   Whether Defendants are derivatively liable under Labor Code § 203 to the members of the Derivative LC 203 Class;

h.   Whether Defendants are independently liable under Labor Code § 203 to the members of the Independent LC 203 Class;

i.   Whether Defendants' conduct constitutes unfair competition within the meaning of Business & Professions Code §§ 17200, et seq.;

j.   Whether the members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

k.   Whether the members of the Classes are entitled to injunctive relief;

l.   Whether the members of the Classes are entitled to restitution; and

m.  Whether Defendants are liable for attorneys' fees and costs.

46.   Typicality (FRCP 23(a)(3)): The claims of the named Plaintiffs are typical of the claims of all members of the represented Classes because all members of the Classes sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Classes were caused by Defendants' wrongful conduct in violation of law, as alleged herein.

47.   Adequacy (FRCP 23(a)(4)): The named Plaintiffs:

a.  will adequately represent the members of the Classes;

**REY, ET AL. v. BRISTOL HOSPICE, LLC, ET AL. – FIRST AMENDED COMPLAINT
CASE NO. 3:24-CV-04039-JD**

b. will fairly protect the interests of the members of the Classes;

c. possess no interests antagonistic to the members of the Classes; and

d. will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

48. <u>Superiority</u> (FRCP 23(b)); (Code of Civil Procedure § 382): The nature of this action and the nature of the laws available to Plaintiffs make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein. Further, this action is maintainable as a class action because the prerequisites of FRCP 23(a) are satisfied as outlined above, and in addition:

a. California has a public policy that encourages the use of the class action device;

b. By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

c. This case involves large corporate Defendants and a large number of individual Class members with many relatively small claims and common issues of law and fact;

d. If each individual member of the Classes was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants' vastly superior financial and legal resources;

**REY, ET AL. v. BRISTOL HOSPICE, LLC, ET AL. – FIRST AMENDED COMPLAINT CASE NO. 3:24-CV-04039-JD**

e.  Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being;

f.  Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the right of each of the members of the Classes to recover on the causes of action alleged herein;

g.  Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

   i)    a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

   ii)   a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

   iii)  inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against Defendants;

   iv)   potentially incompatible standards of conduct for Defendants; and

   v)    potentially incompatible legal determinations with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interest of the other members of the Classes who are not parties

REY, ET AL. v. BRISTOL HOSPICE, LLC, ET AL. –  FIRST AMENDED COMPLAINT
CASE NO. 3:24-CV-04039-JD

to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

h. The claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

i. Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

j. The Supreme Court of California urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

49. Whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action.

## VI.

## <u>CAUSES OF ACTION</u>

### FIRST CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES

### (On Behalf of the Wage Class)

### (Against All Defendants Jointly and Severally)

50. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

51. Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.

52.    Labor Code § 510(a) states in pertinent part, "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek … shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

53.    Labor Code § 1182.12, effective July 1, 2014, states, "Notwithstanding any other provision of this part, on and after July 1, 2014, the minimum wage for all industries shall be not less than nine dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall be not less than ten dollars ($10) per hour." Further, under Labor Code § 1182.12(b)(1)(A), for any employer who employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2017, to December 31, 2017, inclusive, - ten dollars and fifty cents ($10.50) per hour." Under Labor Code § 1182.12(b)(1)(B), for any employer who employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2018, to December 31, 2018, inclusive, - eleven dollars ($11) per hour." Under Labor Code § 1182.12(b)(1)(C), for any employer who employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2019, to December 31, 2019, inclusive, - twelve dollars ($12) per hour." Under Labor Code § 1182.12(b)(1)(D), for any employer who employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2020, to December 31, 2020, inclusive, - thirteen dollars ($13) per hour." Under Labor Code § 1182.12(b)(1)(E), for any employer who employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2021, to December 31, 2021, inclusive, - fourteen dollars ($14) per hour." Finally, under Labor Code § 1182.12(b)(1)(F), for any employer who employs 26 or more employees, the minimum wage shall be as follows: "From January 1, 2022, and until adjusted by subdivision (c) - fifteen dollars ($15) per hour."

54.    Labor Code § 1194(a) states, "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage

or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

55.    Further, under Labor Code § 1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

56.    Under Labor Code § 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

57.    Under the IWC Wage Order(s), Defendants are required to pay the members of the Wage Class for all hours worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work, whether or not required to do so.

58.    Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

       a. Administered a uniform company policy and practice as to the pay policies regarding the members of the Wage Class;

       b. Required the members of the Wage Class to spend time under Defendants' control for work-related tasks without compensation, including but not limited to work-related tasks at the beginning of their shifts before clocking in and/or at the end of their shifts after clocking out such as COVID screenings, calling and charting patients, and other administrative tasks. Further, Defendants captured time worked but ignored the actual time punches of the members of the Wage Class and instead changed their timecards to show reduced work times; and

///

c.  As such, Defendants suffered, permitted, and/or required the members of the Wage Class to work without paying for all time they were under Defendants' control.

59.    Because Defendants required the members of the Wage Class to remain under Defendants' control without paying therefor, this resulted in the members of the Wage Class earning less than the legal minimum wage in the State of California.

60.    Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, under Labor Code § 218, to recovery by Plaintiffs and the members of the Wage Class, in a civil action, of the unpaid balance of the full amount of wages owing, calculated at the appropriate rate.

61.    Further, Defendants' pattern and practice in uniform administration of corporate policy regarding Defendants' failure to pay the legal minimum wage to the members of the  Wage Class as described herein is unlawful and creates entitlement, under Labor Code § 1194(a), to recovery by the members of the Wage Class, in a civil action, for the unpaid balance of the full amount of the unpaid minimum wages owed, calculated as the difference between the straight time compensation paid and the applicable minimum wage, including interest thereon.

62.    Under Labor Code § 1194.2(a) (which provides that in any action under Labor Code § 1194, an employee shall be entitled to recover liquidated damages), the members of the Wage Class seek recovery of liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

63.    That calculation of individual damages for the members of the Wage Class may at some point be required does not foreclose the possibility of taking common evidence on questions regarding their entitlement to overtime compensation.

///

**REY, ET AL. v. BRISTOL HOSPICE, LLC, ET AL. –  FIRST AMENDED COMPLAINT CASE NO. 3:24-CV-04039-JD**

64.    Under Labor Code §§ 218.6 and 1194(a) and Civil Code § 3287, the members of the Wage Class seek recovery of pre-judgment interest on all amounts recovered herein.

65.    Under Labor Code §§ 218.5 and/or 1194, the members of the Wage Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY ALL OVERTIME WAGES**

**(On Behalf of the Overtime Class)**

**(Against All Defendants Jointly and Severally)**

66.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

67.    Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.

68.    Labor Code § 510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek … shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

69.    Labor Code § 1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

70.    Under Labor Code § 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions

- 23 -

**REY, ET AL. v. BRISTOL HOSPICE, LLC, ET AL. –  FIRST AMENDED COMPLAINT**
**CASE NO. 3:24-CV-04039-JD**

prohibited by the IWC Wage Order(s).

71.     Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

      a.    Administered a uniform company policy and practice as to the pay policies regarding the Plaintiff Castodio and the members of the Overtime Class;

      b.    Suffered and/or permitted Plaintiff Castodio and the members of the Overtime Class to work in excess of eight hours per workday and/or in excess of 40 hours per workweek without paying overtime compensation for all hours they were under Defendants' control; and

      c.    Failed to pay Plaintiff Castodio and the members of the Overtime Class overtime compensation for all work accomplished in excess of eight hours per day and/or 40 hours per week.

72.     Defendants' pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, under Labor Code § 218 and Labor Code § 1194(a), to recovery by the members of the Overtime Class, in a civil action, for the unpaid balance of the full amount of the overtime premiums owing.

73.     That calculation of individual damages for the members of the Overtime Class may at some point be required does not foreclose the possibility of taking common evidence on questions regarding their entitlement to overtime compensation.

74.     Under Labor Code §§ 218.6 and 1194(a) and Civil Code § 3287, the members of the Overtime Class seek recovery of pre-judgment interest on all amounts recovered herein.

///

75.    Under Labor Code §§ 218.5 and/or 1194, the members of the Overtime Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## THIRD CAUSE OF ACTION
## FAILURE TO PROVIDE ALL MEAL PERIODS
### (On Behalf of the Meal Period Class)
### (Against All Defendants Jointly and Severally)

76.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

77.    Labor Code § 226.7(b) provides, "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

78.    Labor Code § 512 provides, "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

79.    Labor Code § 516 provides that the Industrial Welfare Commission "may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health

and welfare of those workers."

80.    Section 11(C) of the IWC Wage Orders provides that "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

81.    Section 11(D) of the IWC Wage Order(s) provides "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

82.    On one or more occasions, the members of the Meal Period Class worked over five hours per shift and therefore were entitled to an uninterrupted meal period of not less than 30 minutes prior to exceeding five hours of employment.

83.    Further, on one or more occasions, some members of the Meal Period Class worked over 10 hours per shift and therefore were entitled to an uninterrupted second meal period of not less than 30 minutes prior to exceeding 10 hours of employment.

84.    The members of the Meal Period Class did not validly or legally waive their meal periods, by mutual consent with Defendants or otherwise.

85.    The members of the Meal Period Class did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period.

86.    As a matter of Defendants' established company policy, Defendants failed to always comply with the meal period requirements established by Labor Code §§ 226.7, 512, and 516 and Section 11 of the IWC Wage Order(s) by failing

to always provide the members of the Meal Period Class with a first and in some cases a second legally compliant meal period.

87.    Under Section 11(B) of the IWC Wage Order(s) and Labor Code § 226.7(c), which states "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided," the members of the Meal Period Class are entitled to damages in an amount equal to one additional hour of pay at each employee's regular rate of compensation for each work day that one or more meal periods were not provided to them, in a sum to be proven at trial.

88.    Under Labor Code § 218.6 and Civil Code § 3287, the members of the Meal Period Class seek recovery of pre-judgment interest on all amounts recovered herein.

## FOURTH CAUSE OF ACTION
## FAILURE TO AUTHORIZE AND PERMIT ALL PAID REST PERIODS
### (On Behalf of the Rest Period Class)
### (Against All Defendants Jointly and Severally)

89.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

90.    Labor Code § 226.7(b) provides, "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the

Division of Occupational Safety and Health."

91.    Labor Code § 516 provides that the Industrial Welfare Commission "may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

92.    Section 12(A) of the IWC Wage Order(s) states, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

93.    In *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 269, the California Supreme Court held that "during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time." The court further held that a policy that "tethered by time and policy to particular locations" is inconsistent with the required relinquishment of control. (*Ibid*.) The court noted that employees must be free to "[take a] brief walk," or "take care of other personal matters …like pumping breast milk …or completing a phone call to arrange child care." (*Id.* at p. 270.)

94.    Section 12(B) of the IWC Wage Order(s) states, "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

95.    The members of the Rest Period Class sometimes worked over four hours per shift. Further, the members of the Rest Period Class sometimes worked

over six hours per shift and in some cases over 10 hours per shift.

96.    The members of the Rest Period Class were entitled to a rest period of not less than 10 minutes for every four hours of work or major fraction thereof.

97.    As a matter of Defendants' established company policy, Defendants failed to always authorize and permit legally-compliant rest periods. Defendants did not authorize and permit rest periods for shifts every four hours or major fraction thereof, failed to relinquish control over how employees spent their break time due to a policy that states, in pertinent part, "If you work in a Bristol office, you need to stay on the premises during your 10-minute breaks," prevented the members of the Rest Period Class from taking uninterrupted rest periods and/or exerted coercion against the taking of legally protected breaks by using Defendants' rest period policy to prevent the members of the Rest Period Class from leaving Defendants' facilities.

98.    Under Section 12 of the IWC Wage Order(s) and Labor Code § 226.7(b) which states "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," the members of the Rest Period Class are entitled to damages in an amount equal to one (1) additional hour of pay at each employee's regular rate of compensation for each work day that one or more rest periods were not so provided.

99.    Under Labor Code § 218.6 and Civil Code § 3287, the members of the Rest Period Class seek recovery of pre-judgment interest on all amounts recovered herein.

///

///

///

**REY, ET AL. v. BRISTOL HOSPICE, LLC, ET AL. –  FIRST AMENDED COMPLAINT
CASE NO. 3:24-CV-04039-JD**

## FIFTH CAUSE OF ACTION
## FAILURE TO FULLY REIMBURSE WORK EXPENSES
### (On Behalf of the Reimbursements Class)
### (Against All Defendants Jointly and Severally)

100.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

101.   Under Labor Code § 2802(a), "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

102.   Labor Code § 2804 states in pertinent part, "Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

103.   As a matter of Defendants' established company policy, the members of the Reimbursements Class were and are required by Defendants to personally incur necessary expenditures in direct consequence of the discharge of their duties, including but not limited to work items and the use of personal vehicles (including but not limited to mileage and insurance) and miscellaneous work-related items.

104.   Defendants are legally required to reimburse the members of the Reimbursements Class for all necessary expenditures.

105.   Defendants failed to fully and reasonably reimburse the members of the Reimbursements Class for all necessary expenditures, including but not limited to the aforementioned expenditures.

106.   As a proximate result of the aforementioned violations of Labor Code § 2802(a), the members of the Reimbursements Class are entitled to recovery from

Defendants of the unpaid balance for all necessary expenditures, including but not limited to the aforementioned expenditures.

107.    As a proximate result of the aforementioned violations of Labor Code § 450(a) and § 2802(a), the members of the Reimbursements Class have been damaged in an amount according to proof at the time of trial.

108.    Under Labor Code § 2802(b), the members of the Reimbursements Class request that the Court award interest at the same rate as judgments in civil actions, accruing from the date on which each member of the Reimbursements Class incurred the necessary expenditure or loss.

109.    Under Labor Code § 2802(c), the members of the Reimbursements Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

**SIXTH CAUSE OF ACTION**

**FAILURE TO TIMELY**

**FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**

**(On Behalf of the Wage Statement Class Jointly and Severally)**

110.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

111.    Labor Code § 226(a) states in pertinent part, "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid… (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours

worked at each hourly rate by the employee…."

112.    Further, the IWC Wage Orders § 7(A) states in pertinent part, "(A) Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the payroll period and applicable rates of pay…."

113.    Therefore, under Labor Code § 226(a) and the IWC Wage Orders § 7(A), California employers are required to maintain accurate records pertaining to the total hours worked for Defendants by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

114.    d to maintain accurate records pertaining to the total hours worked for Defendants by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

115.    As a pattern and practice, in violation of Labor Code § 226(a) and the IWC Wage Orders § 7(A), Defendants did not and still do not furnish each of the members of the Wage Statement Class with an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

116.    As set forth herein in prior causes of action, Defendants failed to pay the members of the Wage Statement Class all wages due and owing.

///

117.   As a derivative result of this failure to pay wages and as a pattern and practice in violation of Labor Code § 226(a) and the IWC Wage Orders § 7(A), Defendants did not and do not maintain accurate records pertaining to the total hours worked for Defendants by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period interval, total daily hours worked, total hours worked per pay period, and the applicable rates of pay.

118.   As of January 1, 2013, SB 1255 amended Labor Code § 226 to clarify that an employee suffers injury if the employer fails to provide accurate and complete information as required by any one or more items listed in Labor Code § 226(a)(1)-(9) and the employee cannot promptly and easily ascertain requisite information without reference to other documents or information.

119.   Here, the members of Wage Statement Class suffered injury because, due to Defendants' failure to pay all wages due and owing, Defendants derivatively failed to provide accurate and complete information as required by one or more items listed in Labor Code § 226(a)(1)-(9).

120.   In addition, the members of the Wage Statement Class have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Wage Statement Class in that the members of the Wage Statement Class were not timely provided written accurate itemized statements showing all requisite information, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, in violation of Labor Code § 226 and the IWC Wage Orders § 7(A), such that the members of the Wage Statement Class were misled by Defendants as to the correct information regarding various items, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each

hourly rate.

121.    The actual injuries suffered by the members of the Wage Statement Class as a result of Defendants' knowing and intentional failure to maintain accurate records for the members of the Wage Statement Class include but are not limited to:

    a.    Confusion over whether they received all wages owed them by Defendants;

    b.    The difficulty and expense of attempting to reconstruct time and pay records;

    c.    Being forced to engage in mathematical computations to analyze whether Defendants' wages in fact compensated for all hours worked;

    d.    The inability to accurately calculate wage rates complicated by the fact that wage statement information required by Labor Code § 226 is missing;

    e.    That such practice prevents the members of the Wage Statement Class from being able to effectively challenge information on their wage statements; and/or

    f.    The difficulty and expense of filing and maintaining this lawsuit, and the discovery required to collect and analyze the very information that California law requires.

122.    Under Labor Code § 226(e), the members of the Wage Statement Class are entitled to $50.00 per employee for the initial pay period in which a violation hereunder occurs and $100.00 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000.00.

123.    Under Labor Code § 226(g), the currently-employed members of the Wage Statement Class are entitled to injunctive relief to ensure Defendants' compliance with Labor Code § 226.

124.   Under Labor Code §§ 226(e)/(g), the members of the Wage Statement Class are also entitled to an award of costs and reasonable attorneys' fees.

## SEVENTH CAUSE OF ACTION

## DERIVATIVE VIOLATIONS OF LABOR CODE §§ 201-202

### (On Behalf of the Derivative LC 203 Class)

### (Against All Defendants Jointly and Severally)

125.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

126.   Labor Code § 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to 30 days from the due date thereof, until paid or until an action therefor is commenced.

127.   The members of the Derivative LC 203 Class are no longer employed by Defendants as they were either discharged from or quit Defendants' employ.

128.   Defendants had a consistent and uniform policy, practice, and procedure of willfully failing to pay the earned wages of Defendants' former employees, as set forth above, according to amendment or proof.

129.   As set forth above, Defendants willfully failed to pay the members of the Derivative LC 203 Class their entire wages due and owing at the time of their termination or within seventy-two hours of their resignation and failed to pay those sums for up to 30 days thereafter.

130.   Defendants' willful failure to pay wages to the members of the Derivative LC 203 Class violates Labor Code § 203 because Defendants knew or should have known wages were due to the members of the Derivative LC 203 Class, as set forth above, but Defendants failed to pay them.

///

131.   Thus, the members of the Derivative LC 203 Class are entitled to recovery under Labor Code § 203.

## EIGHTH CAUSE OF ACTION

## INDEPENDENT VIOLATIONS OF LABOR CODE §§ 201-202

### (On Behalf of the Independent LC 203 Class)

### (Against All Defendants Jointly and Severally)

132.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

133.   Labor Code § 201(a) states in pertinent part, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

134.   Labor Code § 202(a) states in pertinent part, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting."

135.   Labor Code § 203 provides that if an employer willfully fails to timely pay, without abatement or reduction, in accordance with Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to 30 days from the due date thereof, until paid or until an action therefore is commenced.

///

136.   The members of the Independent LC 203 Class are no longer employed by Defendants as they were either discharged from or quit Defendants' employ.

137.   Defendants had a consistent and uniform policy, practice and procedure of willfully failing to timely pay the earned wages of Defendants' former employees, according to amendment or proof.

138.   For example, on or about June 23, 2023, Defendants terminated the employment of Plaintiff Manuel David Castodio. However, Defendants did not provide final wages to Plaintiff Manuel David Castodio until June 27, 2023, four days after his employment termination, and this check did not include waiting time penalties.

139.   As such, Defendants willfully failed to pay the members of the Independent LC 203 Class all wages due and owing at the time of their termination or within seventy-two hours of their resignation.

140.   Defendants' willful failure to timely pay final wages to the members of the Independent LC 203 Class violates Labor Code §§ 201-202 because Defendants knew or should have known final wages were due to the members of the Independent LC 203 Class by a date certain, but Defendants failed to pay them on a timely basis on or before that deadline.

141.   Thus, the members of the Independent LC 203 Class are entitled to recovery under to Labor Code § 203.

## NINTH CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES
### (On Behalf of the 17200 Class)
### (Against All Defendants Jointly and Severally)

142.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

143.   Business & Professions Code § 17200 provides, in pertinent part, "unfair competition shall mean and include any unlawful, unfair or fraudulent business act."

144.   Business & Professions Code § 17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

145.   Business & Professions Code § 17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

146.   Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by Business & Professions Code § 17200, including those set forth in the preceding and foregoing paragraphs of the complaint, thereby depriving the members of the 17200 Class of the minimum working standards and conditions due to them under the Labor Code and/or the IWC Wage Orders, as specifically described herein.

147.   Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

148.   Defendants' use of such practices constitutes an unfair business practice and unfair competition and provides an unfair advantage over Defendants' competitors.

149.   Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair competition.

150.   Plaintiffs seek full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired, and/or converted by Defendants by means of the unfair practices complained of herein.

151.    Further, if Defendants are not enjoined from the conduct set forth above, Defendants will continue to practice, employ, and utilize the employment practices outlined in the preceding paragraphs.

152.    Therefore, Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

153.    Plaintiffs seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

## VII.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

a.    That the Court issue an Order certifying the Classes herein, appointing all named Plaintiffs as representative of all others similarly situated, and appointing all law firms representing all named Plaintiffs as counsel for the members of the Classes;

As to the First Cause of Action for Failure to Pay All Wages:

b.    For recovery of the unpaid balance of the full amount of the straight time

c.    compensation due and owing, according to proof;

d.    For liquidated damages as authorized by Labor Code § 1194.2(a);

e.    For recovery of the unpaid balance of the full amount of overtime compensation

f.    due and owing, calculated at the appropriate rate and according to proof;

g.    For pre-judgment interest as allowed by Labor Code §§ 218.6 and 1194(a) and Civil Code § 3287;

h.    For an award of reasonable attorneys' fees and costs under Labor Code §§ 218.5 and/or 1194(a);

**REY, ET AL. v. BRISTOL HOSPICE, LLC, ET AL. –  FIRST AMENDED COMPLAINT CASE NO. 3:24-CV-04039-JD**

As to the Second Cause of Action for Failure to Pay Overtime Wages:

    i.    For damages, as set forth in Labor Code § 1194(a) and the IWC Wage Order(s) regarding wages due and owing, according to proof;

    j.    For pre-judgment interest as allowed by Labor Code §§ 218.6 and 1194(a) and Civil Code § 3287;

    k.    For an award of reasonable attorneys' fees and costs under Labor Code §§ 218.5 and/or 1194(a);

As to the Third Cause of Action for Failure to Provide Meal Periods:

    l.    For one hour of pay at the regular rate of compensation for each member of the Meal Period Class for each workday that a meal or rest period was not provided;

    m.    For an award of reasonable attorneys' fees and costs under Labor Code § 218.5;

    n.    For pre-judgment interest as authorized by Labor Code § 218.6 and Civil Code § 3287;

As to the Fourth Cause of Action for Failure to Authorize and Permit Paid Rest Periods:

    o.    For one hour of pay at the regular rate of compensation for each member of the Rest Period Class for each workday that a meal or rest period was not provided;

    p.    For an award of reasonable attorneys' fees and costs under Labor Code § 218.5;

    q.    For pre-judgment interest as authorized by Labor Code § 218.6 and Civil Code § 3287;

As to the Fifth Cause of Action for Unpaid Reimbursements for Work Expenses:

    r.    For recovery of the unpaid balance for all necessary expenditures and losses incurred in direct consequence of the discharge of Defendants' duties;

**REY, ET AL. v. BRISTOL HOSPICE, LLC, ET AL. – FIRST AMENDED COMPLAINT CASE NO. 3:24-CV-04039-JD**

s. For interest thereon at the same rate as judgments in civil actions, accruing from the date on which each member of the Reimbursements Class incurred the necessary expenditure or loss, under Labor Code § 2802(b);

t. For reasonable attorneys' fees and costs under Labor Code § 2802(c);

As to the Sixth Cause of Action for Failure to Timely Furnish Accurate Itemized Wage Statements:

u. For recovery as authorized by Labor Code § 226(e);

v. For an award of costs and reasonable attorneys' fees under Labor Code §§ 226(e)/(g);

As to the Seventh Cause of Action for Derivative Violations of Labor Code §§ 201-202:

w. For recovery as authorized by Labor Code § 203;

As to the Eighth Cause of Action for Independent Violations of Labor Code §§ 201-202:

x. For recovery as authorized by Labor Code § 203;

As to the Ninth Cause of Action for Unfair Business Practices:

y. For an accounting, under administration of Plaintiffs and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to members of the Classes who are owed monies by Defendants;

z. For an Order requiring Defendants to identify each of the members of the Classes by name, home address, home telephone number and, if available, email address;

aa. For an Order requiring Defendants to make full restitution and payment under California law;

bb. For an Order for a preliminary and/or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

- 41 -

cc.  For the creation of an administrative process wherein each injured member of the Classes may submit a claim in order to receive his/her money;

dd.  For all other appropriate injunctive, declaratory and equitable relief;

ee.  For interest to the extent permitted by law;

ff.  For an award of attorneys' fees and costs incurred in the investigation, filing and prosecution of this action under Code of Civil Procedure § 1021.5, Business & Professions Code §§ 17200, et seq., Labor Code § 1194 and/or any other applicable provision of law;

As to All Causes of Action:

gg.  For such relief as this Court may deem just and proper, including reasonable attorneys' fees and costs incurred.

## VIII.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Dated: April 25, 2025                    D.LAW, INC.


By: ___*/s/ Gregg Lander*_____
       Emil Davtyan, Esq.
       Gregg Lander, Esq.
       Vanessa M. Ruggles, Esq.
       Attorneys for Plaintiffs

**REY, ET AL. v. BRISTOL HOSPICE, LLC, ET AL. – FIRST AMENDED COMPLAINT**
**CASE NO. 3:24-CV-04039-JD**

EXHIBIT 1

BA20230624639



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
|---|
| **-FILED-** |
| File No.: BA20230624639 |
| Date Filed: 4/14/2023 |

---

**Entity Details**

| | |
|---|---|
| Corporation Name | OPTIMAL HEALTH SERVICES, INC. |
| Entity No. | 1783498 |
| Formed In | CALIFORNIA |

**Street Address of Principal Office of Corporation**

| | |
|---|---|
| Principal Address | 1227 CHESTER AVENUE<br>BAKERSFIELD, CA 93301 |

**Mailing Address of Corporation**

| | |
|---|---|
| Mailing Address | 1227 CHESTER AVENUE<br>BAKERSFIELD, CA 93301 |
| Attention | Lina Mejia |

**Street Address of California Office of Corporation**

| | |
|---|---|
| Street Address of California Office | 1227 CHESTER AVE.<br>BAKERSFIELD, BAKERSFIELD 93301 |

**Officers**

| Officer Name | Officer Address | Position(s) |
|---|---|---|
| JOHN GARBARINO | 206 N. 2100 W. SUITE 202<br>SALT LAKE CITY, UT 84116 | Secretary |
| GERRY N CHRISTENSEN | 206 N. 2100 W. SUITE 202<br>SALT LAKE CITY, UT 84116 | Chief Financial Officer |
| + Alex E Mauricio | 206 N 2100 W<br>SUITE 202<br>SALT LAKE CITY, UT 84116 | Chief Executive Officer |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
|---|---|---|---|
| None Entered | | | |

**Directors**

| Director Name | Director Address |
|---|---|
| JOHN GARBARINO | 206 N. 2100 W. SUITE 202<br>SALT LAKE CITY, UT 84116 |

The number of vacancies on Board of Directors is: 0

**Agent for Service of Process**

| | |
|---|---|
| California Registered Corporate Agent (1505) | REGISTERED AGENT SOLUTIONS, INC.<br>Registered Corporate 1505 Agent |

**Type of Business**

| | |
|---|---|
| Type of Business | HOSPICE SERVICES |

**Email Notifications**

| | |
|---|---|
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

**Labor Judgment**

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

**Electronic Signature**

☒  By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

| | |
|---|---|
| *Lina Mejia* | *04/14/2023* |
| Signature | Date |

B1675-0564 04/14/2023 2:04 PM Received by California Secretary of State

EXHIBIT 2





Optimal Home Health is a leading home health agency in Kern County



# About Us

Optimal Home Health is a community-based leading home health agency in Central California providing top notch services in Kern, Fresno and Tulare Counties. Since our inception in 1993, we have been providing professional, dedicated and compassionate home health care to chronically ill patients and elders. Today Optimal is one of the largest providers of home health services in the area. We sympathize with, and understand the challenges of mature adults and our goal is to ensure that our patients receive the help they need at home, to maintain a safe, independent, and enjoyable lifestyle. This dedication and focus on patient care has allowed us to emerge as a reliable and trustworthy home health care agency in Central California.

We at Optimal take pride in our history, quality care and investment in the local community. Our team of well qualified and experienced skilled nurses, medical social workers and certified home health aides are focused on helping patients recover / manage their medical conditions, and stay safe within their home. We provide the best-in-class physical therapy and occupational therapy services that are

well known for helping patients rehabilitate and return to their normal lifestyle, routine and level of activities thereby making a difference when it matters most. We also have a team of specialized and trained speech therapists who provide effective speech therapy and help in the evaluation and treatment of dysphagia, dysarthria, apraxia and speech disorders among other things.

READ MORE

# Services Offered

Optimal Home Health is a leading home health agency operating in Central California providing services in Kern, Fresno and Tulare counties. We are passionate about providing professional and best quality home health services to our patients. By offering specialized home health care accompanied with constant monitoring, we help our patients improve their quality of life and allow them to function better.

Optimal Home Health | a leading Home Health Agency in Kentucky



### Skilled Nursing

Our Home Health Nurses are skilled to take care of our patients' medical needs including wound care, disease management, medication management, IV administration, infusion therapy, ostomy & colostomy care, enteral feedings, catheter care, home safety evaluations.



### Physical Therapy

Our Home Health Physical Therapists specialize in assisting our patients in improving their quality of life after a surgery or stroke, improving balance and gait issues, preventing falls, improving mobility and endurance, allowing seniors to live and maintain an independent and safe lifestyle within their homes.



### Occupational Therapy

Our Home Health Occupational Therapists are available to help improve, regain, and develop our patients' ability to perform everyday activities of living. They also perform work capacity evaluations for patients who plan to return to work.



## Speech Therapy

Our Home Health Speech Therapists are certified and trained to develop and implement treatment programs to address dysarthria or apraxia of speech, and also treat feeding and swallowing difficulties due to dysphagia.



## Home Health Aides

Our Home Health Aides are equipped to offer support and assistance with patients' day to day activities and personal care like bathing, dressing, oral hygiene. The focus remains to promote quality of life, continuity and safty at home.



## Medical Social Services

Our Medical Social Workers help patients restore balance in their personal, family and social life. They help in connecting patients and their families with community resources and counsel them to find ways to financially and emotionally manage with an illness.

# We Specialize In



### Cardiac Care

When recovering from a
cardiac procedure or
living with conditions like
congestive heart failure or
high blood pressure,
additional care is required
to manage day to day
activities. Our skilled
nursing team provides
specialized cardiac care
aimed at helping patients
regain independence and
live their life to their
fullest potential.



### Orthopedic Care

It is common to
experience discomfort,
pain, and lack of mobility
post-surgery. We provide
one of the best
Orthopedic Care in
Central California, and our
team of dedicated and
well-trained Physical
Therapists help our
patients regain their
strength, mobility and
flexibility post a surgery to
help them return to their
pre-operative daily
routine and activity level.



### Wound Care

We also specialize in
Wound Care. Our skilled
Nursing team works
alongside our therapists
to help patients reduce
the risk of developing
complications and avoid
wound infection post-
surgery. Our Wound Care
Specialist Nurses also
focus on preventing, and
treating, pressure ulcers,
diabetic ulcers and stasis
ulcers.

Case 3:24-cv-04039-JD   Document 36   Filed 04/25/25   Page 54 of 113

# Other Care Offered

☑ Home Safety Evaluation

☑ Medication Education and Management

☑ Surgical after care

☑ Palliative care

☑ Diabetic care

☑ Rehabilitative care

☑ Therapeutic care

☑ Pulmonary Rehabilitation

☑ Pain management

☑ Nutrition/Enteral Feedings

☑ Colostomy Care

☑ Ostomy Care

☑ Infusions/IVs

☑ PICC/Central Lines Care

☑ Urinary Retention/Foley Care

☑ Nephrostomy Care

☑ Infectious Disease Management

# Service Areas

Optimal Home Health currently services the following counties in Central California.



# Why Choose us

Optimal Home Health is a Medicare-certified agency and has been accredited by the Accreditation Commission for Health Care, Inc. (ACHC).

Optimal is licensed to provide skilled professional services under the direction of your physician, in Kern, Fresno, Tulare Counties. Whether you have a senior who desires to regain or maintain his/her independence or a critically ill patient who needs specialized and compassionate home health care, we provide the appropriate level of supportive care and extremely professional home health services.





Name

Email Addr

Phone

Zip Code

Message

13 + 10 =

Submit

# FAQ's

### What is Home Health Care?

Home Health Care refers to medical services that are provided to a patient within the comfort of his or her home, under the supervision of the prescribing physician. Home Health is a cost-effective alternative to hospitalization or any other institutional care. This kind of care is based on the individuals' needs as ordered and directed by his or her physician. Our team of licensed professionals including registered nurses, therapists, social workers, and certified home health aides formulate a plan of care suited to the patient's specific needs and provide care under the supervision of the patient's physician. If you are looking for home health care for your loved ones, it is best to look for a trusted home health agency that provides a range of home health care services to patients.

### What are the benefits of Home Health Care?    ⊕

### What does Homebound mean?    ⊕

### Who qualifies for Home Health?    ⊕

Is Home Health Care covered by Medicare? 

# WE ARE HERE TO HELP

GET IN TOUCH

## BAKERSFIELD OFFICE

1227 Chester Avenue
Bakersfield, CA 93301

**Phone**
661 410 4000

**Fax**
661 387 7147

**Email**
queries@optimalhomehealth.com

## FRESNO OFFICE

7086N Suite 105 Maple Avenue
Fresno, CA 93720

**Phone**
559 666 2200

**Fax**
559 500 5131

**Email**
queries@optimalhomehealth.com





© 2022 | All Right Reserved | Optimal Home Health

EXHIBIT 3

Electronically Received 05/12/2023 10:44 AM

April Sun (SBN 291633)
*ASun@goodwinlaw.com*
Philip Baldwin (SBN 307920)
*PBaldwin@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
Tel.: (415) 733-6000
Fax.: (415) 677-9041

Attorneys for Defendants BRISTOL HOSPICE –
CALIFORNIA, L.L.C.; BRISTOL HOSPICE –
COACHELLA VALLEY, L.L.C.; BRISTOL
HOSPICE – INLAND EMPIRE, L.L.C.;
BRISTOL HOSPICE – INLAND VALLEY,
L.L.C.; BRISTOL HOSPICE - SACRAMENTO,
L.L.C.; BRISTOL HOSPICE – SAN DIEGO,
L.L.C.; BRISTOL HOSPICE – SAN JOSE,
L.L.C.; BRISTOL HOSPICE – SIMI VALLEY,
L.L.C.; BRISTOL HOSPICE – STOCKTON,
L.L.C.; and HYRUM KIRTON

**Additional Counsel Continued on Next Page**

| FILED |
| --- |
| Superior Court of California |
| County of Los Angeles |
| 06/15/2023 |
| David W. Slayton, Executive Officer / Clerk of Court |
| By: _____ A. Escobar _____ Deputy |

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
| --- | --- |
| TIFFANY PATTERSON and ANDREW JUNK, on behalf of themselves and all aggrieved California-based non-exempt employees, | Case No. 22STCV09974 |
| | **JOINT   STIPULATION   FOR   ORDER APPROVING   VOLUNTARY   DISMISSAL OF REPRESENTATIVE ACTION CLAIMS; [PROPOSED] ORDER** |
| Plaintiffs, | |
| v. | |
| BRISTOL HOSPICE – CALIFORNIA, L.L.C.; BRISTOL HOSPICE – COACHELLA VALLEY, L.L.C.; BRISTOL HOSPICE – INLAND EMPIRE, L.L.C.; BRISTOL HOSPICE – INLAND VALLEY, L.L.C.; BRISTOL HOSPICE - SACRAMENTO,, L.L.C.; BRISTOL HOSPICE – SAN DIEGO, L.L.C.; BRISTOL HOSPICE – SAN JOSE, L.L.C.; BRISTOL HOSPICE – SIMI VALLEY, L.L.C.; BRISTOL HOSPICE – STOCKTON, L.L.C.; HYRUM KIRTON; and DOES 1 to 100, inclusive, | Complaint Filed:  March 22, 2022 |
| Defendants. | |

ACTIVE/122866186.1

Jonathan M. Genish (SBN 259031)
*jgenish@blackstonepc.com*
Barbara DuVan-Clarke (SBN 259268)
*bdc@blackstonepc.com*
Alexander K. Spellman (SBN 250398)
*aspellman@blackstonepc.com*
**BLACKSTONE LAW, APC**
8383 Wilshire Boulevard, Suite 745
Beverly Hills, California 90211
Telephone: (310) 622-4278 / Fax: (855) 786-6356

Attorneys for PLAINTIFFS,
TIFFANY PATTERSON and ANDREW JUNK
on behalf of themselves and all aggrieved
California-based non-exempt employees

WHEREAS, Plaintiffs TIFFANY PATTERSON and ANDREW JUNK ("Plaintiffs"), on the one hand, and Defendants BRISTOL HOSPICE – CALIFORNIA, L.L.C.; BRISTOL HOSPICE – COACHELLA VALLEY, L.L.C.; BRISTOL HOSPICE – INLAND EMPIRE, L.L.C.; BRISTOL HOSPICE – INLAND VALLEY, L.L.C.; BRISTOL HOSPICE - SACRAMENTO,, L.L.C.; BRISTOL HOSPICE – SAN DIEGO, L.L.C.; BRISTOL HOSPICE – SAN JOSE, L.L.C.; BRISTOL HOSPICE – SIMI VALLEY, L.L.C.; BRISTOL HOSPICE – STOCKTON, L.L.C.; and HYRUM KIRTON ("Defendants"), by and through their respective counsel of record, DO HEREBY STIPULATE to the following facts in support of the Parties' Joint Stipulation For Order Approving Voluntary Dismissal of Representative Action Claims:

1. On March 22, 2022, Plaintiffs filed the above-captioned representative action ("Complaint") under California's Private Attorney's General Act of 2004 ("PAGA") for alleged violations of California's wage and hour laws.

2. Subsequently, Plaintiffs were paid settlement members in the wage-and-hour class action and PAGA settlement reached in *Jones v. Optimal Hospice Care, Inc., et al.*, Los Angeles County Superior Court, Case No. 20STCV23170, which was finally approved by the Court on September 8, 2022.

3. The Parties have entered into a confidential Settlement Agreement with respect to Plaintiff's individual claims. No settlement amount will be paid on behalf of any allegedly aggrieved employees other than Plaintiffs.

**NOW, THEREFORE, THE STIPULATING PARTIES DO HEREBY FURTHER AGREE AND STIPULATE AS FOLLOWS, SUBJECT TO COURT APPROVAL:**

1. The Complaint, as to every allegedly aggrieved employee other than the named Plaintiffs, will be dismissed without prejudice.

2. The individual claims of Plaintiffs against all named Defendants, including the named Plaintiffs' standing to a PAGA claim, will be dismissed with prejudice.

1

1        **IT IS SO STIPULATED.**

2

3    Dated:  May 4, 2023                              Respectfully submitted,

4                                                     By: _____

5                                                         April Sun
                                                          Philip Baldwin
6                                                         **GOODWIN PROCTER** LLP

                                                      Attorneys for Defendants
7                                                     BRISTOL HOSPICE – CALIFORNIA, L.L.C.;
                                                      BRISTOL HOSPICE – COACHELLA
8                                                     VALLEY, L.L.C.; BRISTOL HOSPICE –
                                                      INLAND EMPIRE, L.L.C.; BRISTOL
9                                                     HOSPICE – INLAND VALLEY, L.L.C.;
                                                      BRISTOL HOSPICE - SACRAMENTO,
10                                                    L.L.C.; BRISTOL HOSPICE – SAN DIEGO,
                                                      L.L.C.; BRISTOL HOSPICE – SAN JOSE,
11                                                    L.L.C.; BRISTOL HOSPICE – SIMI
                                                      VALLEY, L.L.C.; BRISTOL HOSPICE –
12                                                    STOCKTON, L.L.C.; and HYRUM KIRTON

13   Dated:  May 4, 2023                              Respectfully submitted,

14
                                                      By: _____
15                                                    Jonathan M. Genish
                                                      Barbara DuVan-Clarke
16                                                    Alexander K. Spellman
                                                      **BLACKSTONE LAW, APC**
17
                                                      Attorneys for PLAINTIFFS,
18                                                    TIFFANY PATTERSON and ANDREW
                                                      JUNK on behalf of themselves and all
19                                                    aggrieved California-based non-exempt
                                                      employees
20

21

22

23

24

25

26

27

28

~~[PROPOSED]~~ ORDER

The Court, having reviewed the foregoing Stipulation and good cause appearing therefore, orders as follows:

1. The Stipulation is granted.

2. The Complaint is dismissed without prejudice as to every allegedly aggrieved employee other than the named Plaintiffs.

3. The Complaint is dismissed with prejudice as to the named Plaintiffs only, including the named Plaintiffs' standing to a PAGA claim against the Defendants.

**IT IS SO ORDERED**

Dated: _____06/15/2023_____, ~~2023~~

HON. _____
JUDGE OF THE SUPERIOR COURT
Jon R. Takasugi / Judge

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Stephany Sinaguinan, certify and declare as follows:

I am over eighteen years of age and not a party to the within action; my business address is 8383 Wilshire Blvd, Suite 745, Beverly Hills, California 90211. On May 12, 2023, I served a copy of the following document(s):

**JOINT STIPULATION FOR ORDER APPROVING VOLUNTARY DISMISSAL OF REPRESENTATIVE ACTION CLAIMS; [PROPOSED] ORDER**

on the interested parties as follows:

April Sun (CA State Bar No. 291633)
asun@goodwinlaw.com
Philip B. Baldwin (CA State Bar No. 307920)
pbaldwin@goodwinlaw.com
**GOODWIN PROCTOR LLP**
Three Embarcadero Center, 28th Fl.
San Francisco, California, 94111
Telephone: (415)733-6000 / Fax: (415) 677-9041

*Attorneys for DEFENDANTS BRISTOL HOSPICE – CALIFORNIA, LLC., et al.*

☒  **BY ELECTRONIC MAIL (E-MAIL):** I caused said document(s) to be delivered electronically to be delivered to the addressee(s) listed above via email from email address *ssina@blackstonepc.com* pursuant to California Code of Civil Procedure section 1010.6(e)(1). I did not receive any electronic message or other indication that the transmission was unsuccessful.

☒  **STATE** – I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 12, 2023 at Beverly Hills, California.

_____
Stephany Sinaguinan

EXHIBIT 4

Brian J. Mankin, Esq. [CSB No. 216228]
*brian@lmlfirm.com*
Misty M. Lauby, Esq. [CSB No. 243009]
*misty@lmlfirm.com*
LAUBY, MANKIN & LAUBY LLP
5198 Arlington Avenue, PMB 513
Riverside, CA 92504
Tel: (951) 320-1444 | Fax: (951) 320-1445

Attorneys for Plaintiff, on behalf of the State of California as the Real Party in Interest

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| BEATRICE OLMOS, individually, on a representative basis, and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>BRISTOL HOSPICE – INLAND VALLEY, LLC, a Delaware Limited Liability Company; BRISTOL HOSPICE – CALIFORNIA, LLC, a Utah Limited Liability Company; BRISTOL HOSPICE – COACHELLA VALLEY, LLC, a Delaware Limited Liability Company; BRISTOL HOSPICE – INLAND EMPIRE, LLC, a Delaware Limited Liability Company; BRISTOL HOSPICE – SACRAMENTO, LLC, a Utah Limited Liability Company; BRISTOL HOSPICE – SAN DIEGO, LLC, a Delaware Limited Liability Company; BRISTOL HOSPICE – SAN JOSE, LLC, a Delaware Limited Liability Company; BRISTOL HOSPICE – SIMI VALLEY, LLC, a Delaware Limited Liability Company; BRISTOL HOSPICE – STOCKTON, LLC, a Utah Limited Liability Company; and DOES 1 through 10, inclusive;<br><br>Defendants. | Case No.: CVRI2306712<br><br>**REPRESENTATIVE ENFORCEMENT ACTION COMPLAINT [Private Attorneys General Act of 2004 ("PAGA"), Lab. Code § 2698, *et seq.*]**<br><br>(1) Failure to Pay Minimum Wages;<br>(2) Failure to Pay Overtime Wages;<br>(3) Failure to Provide Meal Periods;<br>(4) Failure to Provide Rest Breaks;<br>(5) Failure to Reimburse Bus. Expenses;<br>(6) Failure to Timely Pay Wages Each Period;<br>(7) Failure to Timely Pay Final Wages;<br>(8) Failure to Provide Accurate Itemized Wage Statements; and |

Plaintiff Beatrice Olmos ("Plaintiff") brings this Private Attorneys General Act ("PAGA") Representative Action Complaint ("Complaint"), on behalf of the State of California as the real party in interest,[1] against Defendants as follows.

## I.    INTRODUCTION AND GENERAL ALLEGATIONS

1.    Plaintiff brings this action against her employers, Bristol Hospice – Inland Valley, LLC, Bristol Hospice – California, LLC, Bristol Hospice – Coachella Valley, LLC; Bristol Hospice – Inland Empire, LLC; Bristol Hospice – Sacramento, LLC; Bristol Hospice – San Diego, LLC, Bristol Hospice – San Hose, LLC; Bristol Hospice – Simi Valley, LLC, Bristol Hospice – Stockton, LLC and DOES 1 through 20, inclusive, (collectively, "Defendants") on behalf of the State of California, seeking civil penalties under PAGA for Labor Code violations committed against all current and former nonexempt employees employed by Defendants in California within the last one year and 65-days prior to the filing of this action (hereinafter, the "Aggrieved Employees"). Such violations include, but are not limited to, Defendants' failure to pay all wages owed, including minimum, regular, and overtime wages, failure to provide meal periods, failure to provide rest breaks, failure to reimburse business expenses, failure to timely pay wages each period and upon separation of employment, and failure to provide accurate itemized wage statements.

2.    Plaintiff has been employed by Defendants from approximately November 2019 through present.

3.    Plaintiff alleges on information and belief that the Aggrieved Employees were subjected to the same policies, working conditions, and corresponding wage and hour violations to which Plaintiff was subjected during employment.

4.    At all relevant times, Plaintiff and the Aggrieved Employees performed various duties for Defendants as employees that provided nursing and/or medical services in patients' homes or other facilities in California.  However, Plaintiff and the Aggrieved Employees were

---

[1] Because a PAGA action is aimed at deterring and punishing violations of the Labor Code, the State of California "is always the real party in interest in the suit." *Iskanian v. CLS Transp. of Los Angeles, LLC* (2014) 59 Cal.4th 348, 360; *ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175, 185 (all PAGA claims "are brought on the state's behalf").

not provided all minimum and overtime wages due to Defendants' failure to accurately record and compensate for all hours worked. For instance, at all relevant times, Plaintiff and the Aggrieved Employees were subjected to violations for: (1) instances when Plaintiff and the Aggrieved Employees did not receive minimum or regular wages for all hours worked, and (2) instances when Plaintiff and the Aggrieved Employees worked in excess of 8 and/or 12 hours per day and/or 40 hours per week yet were not paid proper overtime or double-time compensation.

5.     Plaintiff and the Aggrieved Employees were also denied 30-minute off-duty meal periods, as mandated by California law. As a result of Defendants' policies and practices, the Aggrieved Employees were subjected to meal period violations when they were: (1) unable to take a meal period due to workload, (2) forced to take an on-duty meal period while under the control of the Company, (3) forced to take a shortened meal period, (4) forced to take a meal period after the 5th hour of work, and (5) not provided mandated second meal periods for shifts in excess of 10 hours.

6.     Defendants also failed to provide Plaintiff and the Aggrieved Employees with 10 minutes of net rest break time for every 4 hours worked, or major fraction thereof, as mandated by California law. Defendants did not schedule rest breaks for Plaintiff and the Aggrieved Employees, the Aggrieved Employees were not allowed freedom to be truly "off duty" for rest breaks, and the Aggrieved Employees were often not authorized and/or permitted to take mandated rest breaks due to being overwhelmed by their hectic workload. Furthermore, on occasions when Plaintiff and the Aggrieved Employees worked longer shifts, Defendants failed to authorize and/or permit mandated third rest breaks.

7.     Also, Defendants required Plaintiff and the Aggrieved Employees to incur substantial business-related expenses and costs without reimbursement. For example, Defendants required Plaintiff and the Aggrieved Employees to use personal cell phones to carry out their duties for Defendants without reimbursement.

8.     Plaintiff further alleges that she and the Aggrieved Employees were not paid all wages due and owing each pay period (Labor Code § 204) and upon separation of employment within the time required by Labor Code §§ 201 – 203. Plaintiff further alleges that Defendants

engaged in the practice of failing to pay all wages due and owing to Plaintiff and the Aggrieved Employees at the time their employment ended with Defendants, including, but not limited to minimum, regular, and overtime wages, wage premiums, sick wages, among others.

9.     Plaintiff further alleges that Defendants failed to provide accurate itemized wage statements that as required by and in compliance with the requirements of Labor Code § 226(a).

10.    Plaintiff alleges that Defendants' violations of the wage and hour components of the Labor Code and IWC Wage Orders enabled them to decrease expenses and to increase their level of productivity and profits, thereby allowing Defendants to gain an unfair advantage over its competitors.

11.    At all material times, Defendants and DOES 1 through 20 were and/or are the Aggrieved Employees' employers or persons acting on behalf of the Aggrieved Employees' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in an IWC Wage Order and, as such, are subject to penalties for each underpaid employee as set forth in Labor Code § 558 and under California law.

12.    Plaintiff brings this lawsuit on behalf of the State of California, as the real party in interest, to recover all applicable and available PAGA remedies for violations of the California Labor Code committed against the Aggrieved Employees as alleged herein, as well as attorneys' fees, costs, and/or other damages as permitted by PAGA. Plaintiff reserves the right to name additional representatives throughout the State of California.

## II.    **JURISDICTION**

13.    This Court has jurisdiction over the claims for relief of Plaintiff and the Aggrieved Employees pursuant to the Labor Code and the IWC Wage Orders.

## III.    **VENUE**

14.    Venue as to each Defendant is proper in this Court pursuant to Code of Civil Procedure § 395(a). Defendants transact business in Riverside County and the unlawful acts alleged herein have a direct effect on Plaintiff and the Aggrieved Employees in Riverside County. Furthermore, Defendants employed or employ Plaintiff and/or Aggrieved Employees in

Riverside County.

## IV.    **PARTIES**

### **Plaintiff**

15.    Plaintiff and Aggrieved Employee Beatrice Olmos was employed by Defendants from approximately November 2019 through present and performed work for Defendants in California.

### **Defendants**

16.    Plaintiff is informed and believes and thereon alleges that Defendant Bristol Hospice – Inland Valley, LLC is a Utah corporation with its principal executive office in Salt Lake City, Utah and is and/or was the legal employer of Plaintiff and the Aggrieved Employees during the applicable statutory periods.

17.    Plaintiff is informed and believes and thereon alleges that Defendant Bristol Hospice – California, LLC is a Utah corporation with its principal executive office in Merced, California, and is and/or was the legal employer of Plaintiff and the Aggrieved Employees during the applicable statutory periods.

18.    Plaintiff is informed and believes and thereon alleges that Defendant Bristol Hospice – Coachella Valley, LLC: is a Delaware corporation with its principal executive office in Rancho Mirage, California, and is and/or was the legal employer of Plaintiff and the Aggrieved Employees during the applicable statutory periods.

19.    Plaintiff is informed and believes and thereon alleges that Defendant Bristol Hospice – Sacramento, LLC is a Utah corporation with its principal executive office in Salt Lake City, Utah, and is and/or was the legal employer of Plaintiff and the Aggrieved Employees during the applicable statutory periods.

20.    Plaintiff is informed and believes and thereon alleges that Defendant Bristol Hospice – San Diego, LLC is a Delaware corporation with its principal executive office in Salt Lake City, Utah, and is and/or was the legal employer of Plaintiff and the Aggrieved Employees during the applicable statutory periods.

21.    Plaintiff is informed and believes and thereon alleges that Defendant Bristol Hospice – San Jose, LLC is a Delaware corporation with its principal executive office in Salt Lake City, Utah, and is and/or was the legal employer of Plaintiff and the Aggrieved Employees during the applicable statutory periods.

22.    Plaintiff is informed and believes and thereon alleges that Defendant Bristol Hospice – Simi Valley, LLC is a Delaware corporation with its principal executive office in Salt Lake City, Utah, and is and/or was the legal employer of Plaintiff and the Aggrieved Employees during the applicable statutory periods.

23.    Plaintiff is informed and believes and thereon alleges that Defendant Bristol Hospice – Stockton, LLC is a Utah corporation with its principal executive office in Pleasanton, California, and is and/or was the legal employer of Plaintiff and the Aggrieved Employees during the applicable statutory periods.

24.    Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct herein alleged, of Defendants sued herein as DOES 1 through 20, inclusive, but on information and belief alleges that those Defendants are legally responsible for the payment of penalties and damages to Plaintiff and all Aggrieved Employees by virtue of Defendants' unlawful actions and practices and therefore sue these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

25.    Plaintiff is informed and believes and thereon alleges that she and the Aggrieved Employees worked under the joint direction and control of Defendants and that Defendants, and each of them, acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respect pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. On information and belief, a unity of interest and ownership between each Defendant exists such that all Defendants acted as a single employer of Plaintiff and other Aggrieved Employees.

26.    Furthermore, Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are an integrated enterprise and should be treated as a single

employer because these entities share an interrelation of operations, with common human resources and personnel policies and shared common offices and facilities.  Additionally, Defendants also have a shared website, common management, centralized control of labor operations, and common ownership or financial control.

27.    Plaintiff is informed and believes and thereon alleges that, in conducting themselves in the manner described herein, Defendants, and each of them, were acting in active concert with one another such that the acts of each were and are fully attributable to the others in all material respects.  Plaintiff is further informed and believes that at all relevant times Defendants and each of them are now, and at all material times herein mentioned were, the agents, servants, employees, partners, affiliates, and/or representatives of each of their remaining co-Defendants, and were, at all times herein mentioned, acting within the course, scope, and purpose of such relationship(s) and with the knowledge, consent and/or ratification of each of their remaining co-Defendants.

28.    Plaintiff is further informed and believes that at all relevant times, Defendants have been inadequately capitalized to conduct business, have failed to follow appropriate corporate formalities, and have simply been a shell and instrumentality through which Defendants DOES 11 through 20, inclusive, have conducted their personal affairs.  Accordingly, the corporate veil should be pierced, and any liability attached to Defendants should be imposed jointly and severally against Defendants DOES 11 through 20.  Adherence to the fiction of the separate existence of these corporate entities would permit abuse of the corporate privilege, thereby sanctioning fraud and promoting injustice.

## V.    PAGA CAUSES OF ACTION (Labor Code §§ 2698 – 2699.5)

29.    Plaintiff is an "aggrieved employee" under the PAGA as she was employed by Defendants during the applicable statutory period and suffered one or more of the Labor Code violations alleged herein. As such, Plaintiff may recover the remedies described herein in a civil action filed on behalf of the State of California and for violations committed against the Aggrieved Employees.

30.    Plaintiff seeks to recover all applicable and available PAGA remedies pursuant to Labor Code § 2699, as well as attorneys' fees, costs, and/or other damages as permitted by PAGA through a representative action pursuant to the PAGA and the California Supreme Court in *Arias v. Superior Court* (2009) 46 Cal. 4th 969.   Therefore, Plaintiff is not required to, nor does she, seek class certification of the PAGA claims under Code of Civil Procedure § 382.

31.    Pursuant to Labor Code § 2699.3(a), Plaintiff gave written notice by online filing to the Labor and Workforce Development Agency ("LWDA") and by certified mail to Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.   Now that sixty-five (65) days have elapsed since Plaintiff provided notice of the claims alleged herein without the LWDA assuming jurisdiction over the claims alleged, Plaintiff has fully satisfied her administrative prerequisites for bringing suit under the PAGA.

## FIRST CAUSE OF ACTION

### PAGA ASSESSMENT FOR FAILURE TO PAY MINIMUM WAGES

(Labor Code §§ 200, 1194, 1194.2, 1197; IWC Wage Order § 4)

*Against All Defendants*

32.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

33.    Plaintiff and the Aggrieved Employees were not exempt from the requirement to be paid at least the applicable California minimum wage throughout the statutory period for each hour worked.

34.    Plaintiff and the Aggrieved Employees were not provided proper minimum wages due to Defendants' failure to accurately record and compensate for all hours worked.

35.    As a result of this policy and practice, Plaintiff and the Aggrieved Employees were required to perform off-the-clock work that Defendants either knew or should have known they were performing.

36.    Furthermore, Plaintiff was not provided proper minimum and overtime wages due to the Company's failure to accurately record and compensate for all hours worked.  For

instance, the Company utilized a policy and practice of automatically deducting 30 minutes from the hours and corresponding wages of Plaintiff for meal periods, even on the occasions when she did not receive an off-duty meal period.  On other occasions where the time records reflected noncompliant meals, the Company would alter time punches to reflect a full 30 minute off-the-clock lunch.  Therefore, this resulted in unpaid minimum wages and overtime wages on each such occasion.

37.    Consequently, Defendants violated California Labor Code laws and minimum wage laws, *inter alia*, Labor Code §§ 200, 221, 222, 223, 1197, IWC Wage Order 9, § 4, and Cal. Code Regs., tit. 8, section 11090, subds. 1 and 4(B).

38.    Plaintiff is informed and believes and thereon alleges that Defendants intentionally, willfully, and improperly failed to pay minimum wages the Aggrieved Employees for each hour worked in violation of Labor Code §§ 221-223, 1194 and 1197.

39.    Defendants' conduct was willful, as Defendants knew that Plaintiff and the Aggrieved Employees were entitled to be paid wages throughout the statutory period for each hour worked, including proper minimum and regular wages, yet Defendants chose not to pay them in accordance thereto.

40.    As a result of the unlawful employment practices alleged herein, Plaintiff, on behalf of the State of California, seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under PAGA.

**SECOND CAUSE OF ACTION**

**PAGA ASSESSMENT FOR FAILURE TO PAY OVERTIME WAGES**

(Labor Code §§ 204 and 510; IWC Wage Order § 3(A))

*Against All Defendants*

41.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

42.    Plaintiff and the Aggrieved Employees were employees of Defendants who did not receive proper protections and benefits of the laws governing payment of overtime wages.

43.     Labor Code § 204 requires that the employer timely pay all overtime wages to its employees.  Labor Code § 510(a) and the applicable IWC Wage Order § 3(A) provide that any work performed in excess of eight (8) hours in one workday or in excess of forty (40) hours in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Furthermore, any work performed in excess of twelve (12) in one workday shall be compensated at twice the regular rate of pay for an employee.

44.     At all relevant times, Plaintiff and the Aggrieved Employees were required by Defendants to work hours in excess of 8 and/or 12 per day and/or 40 per week.  However, due to Defendants' failure to accurately record and compensate for all hours worked Plaintiff and the Aggrieved Employees did not receive proper overtime compensation.

45.     Additionally, Defendants frequently required Plaintiff and the Aggrieved Employees to work in excess of 8 and/or 12 hours per day and/or 40 hours per workweek without paying proper overtime and double-time compensation.

46.     As a result of this policy and practice, Defendants failed to pay Plaintiff and the Aggrieved Employees for all overtime hours worked.

47.     Defendants violate Labor Code §§ 204 and 510 and the applicable IWC Wage Order § 3(A) every pay period with respect to Plaintiff and the Aggrieved Employees because Defendants required its employees to work hours in excess of 8 and/or 12 per day and/or 40 per week without proper overtime compensation.

48.     Plaintiff is informed and believes and thereon alleges that Defendants intentionally, willfully, and improperly failed to pay proper overtime wages to Plaintiff and the Aggrieved Employees in violation of Labor Code §§ 204, 221-223, 510, 1194 and 1197.

49.     Defendants' conduct was willful, as Defendants knew that Plaintiff and the Aggrieved Employees were entitled to be paid proper overtime wages throughout the statutory period, yet Defendants chose not to pay them in accordance thereto.

50.     As a result of the unlawful employment practices alleged herein, Plaintiff, on behalf of the State of California, seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or

1    any other damages permitted under PAGA.

2    ## THIRD CAUSE OF ACTION

3    ### PAGA ASSESSMENT FOR FAILURE TO PROVIDE MEAL PERIODS

4    (Labor Code §§ 226.7 and 512; IWC Wage Order § 11, 12)

5    *Against All Defendants*

6    51.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully

7    alleged herein.

8    52.    Plaintiff and the Aggrieved Employees are and/or were employees of Defendants

9    who did not receive proper protections and benefits of the laws governing mandatory meal

10    periods.

11    53.    Labor Code § 226.7 requires employers, including Defendants, to provide

12    employees with meal periods as mandated by the Industrial Welfare Commission.

13    54.    Labor Code § 512(a), in part, provides that employers, including Defendants, may

14    not employ an employee for a work period of more than five hours per day without providing an

15    employee the opportunity to take an uninterrupted meal period of not less than 30 minutes,

16    except that if the total work period per day of the employee is no more than six hours, the meal

17    period may be waived by mutual consent of both the employer and the employee.  Employers

18    may not employ an employee for a work period more than 10 hours per day without providing

19    the employee with a second meal period of not less than 30 minutes.

20    55.    Pursuant to Labor Code § 226.7(b) and the applicable IWC Wage Order § 11(B),

21    Defendants shall pay an employee one additional hour of pay at the employee's regular rate of

22    pay for each meal period that is missed.

23    56.    At all relevant times herein, Plaintiff and the Aggrieved Employees were denied

24    the 30-minute meal periods to which they were entitled.  As a result of Defendants' policies and

25    practices, Plaintiff and the Aggrieved Employees were subjected to meal period violations when

26    they were: (1) unable to take a meal period due to workload, (2) forced to take an on-duty meal

27    period while under the control of the Company, (3) forced to take a shortened meal period, (4)

28    forced to take a meal period after the 5th hour of work, and (5) not provided mandated second

meal periods for shifts in excess of 10 hours.

57.    Defendants violated Labor Code §§ 226.7, 512, and the applicable IWC Wage Order every pay period because Plaintiff and the Aggrieved Employees were not provided with all mandatory meal periods and Defendants failed to pay Plaintiff and the Aggrieved Employees one additional hour of compensation at the regular rate of pay in lieu thereof.

58.    At all relevant times herein, Defendants failed to provide Plaintiff and the Aggrieved Employees all mandated meal periods and failed to pay wage premiums in lieu of mandated meal or rest periods, thereby receiving an economic benefit.

59.    On information and belief, Plaintiff and the Aggrieved Employees did not voluntarily or willfully waive the mandated meal periods. Any expressed or implied waivers obtained from Plaintiff and the Aggrieved Employees were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were a part of a contract of an unlawful adhesion. Defendants did not permit or authorize Plaintiff and the Aggrieved Employees to take meal periods in accordance with California law.

60.    As a result of the unlawful employment practices alleged herein, Plaintiff, on behalf of the State of California, seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under PAGA.

## FOURTH CAUSE OF ACTION

### PAGA ASSESSMENT FOR FAILURE TO PROVIDE REST BREAKS

(Labor Code §§ 226.7 and 512; IWC Wage Order § 12)

*Against All Defendants*

61.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

62.    Plaintiff and the Aggrieved Employees are and/or were employees of Defendants who did not receive proper protections and benefits of the laws governing mandatory rest breaks.

63.    Labor Code § 226.7 requires employers, including Defendants, to provide rest breaks to its employees as mandated by Order of the Industrial Welfare Commission.

64.    The IWC Wage Order § 12 states, in part, that every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. Employees shall receive a 10-minute rest period every four hours or major fraction thereof that they are required to work.  Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

65.    Pursuant to Labor Code § 226.7(b) and Section 12(B) of the applicable Wage Order, Defendants shall pay Plaintiff and the Aggrieved Employees one additional hour of pay at his regular rate of compensation for each day that the rest period is not provided.

66.    At all relevant times, Defendants also failed to provide Plaintiff and the Aggrieved Employees with 10 minutes of net rest break time for every 4 hours worked, or major fraction thereof, as mandated by California law.  Defendants did not schedule rest breaks for the Aggrieved Employees, the Aggrieved Employees were unable to leave the premises for breaks, and the Aggrieved Employees were often not authorized and/or permitted to take mandated rest breaks due to being overwhelmed by their hectic workload. Furthermore, on occasions when the Aggrieved Employees worked longer shifts, Defendants failed to authorize and/or permit mandated third rest breaks.

67.    Defendants violated Labor Code §§ 226.7, 512, and the applicable IWC Wage Order every pay period because Plaintiff and the Aggrieved Employees were not provided with all mandatory rest periods and Defendants failed to pay Plaintiff and the Aggrieved Employees one additional hour of compensation in lieu thereof.

68.    At all relevant times herein, Defendants failed to provide Plaintiff and the Aggrieved Employees all mandated rest breaks and failed to pay wage premiums in lieu of mandated rest periods, thereby receiving an economic benefit.

69.    Defendants violated Labor Code §§ 226.7, 512, and the applicable IWC Wage Order every pay period because Plaintiff and the Aggrieved Employees were not provided with all mandatory rest periods and Defendants failed to pay Plaintiff and the Aggrieved Employees one additional hour of compensation in lieu thereof.

70.    As a result of the unlawful employment practices alleged herein, Plaintiff, on behalf of the State of California, seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under PAGA.

**FIFTH CAUSE OF ACTION**

**PAGA ASSESSMENT FOR FAILURE TO REIMBURSE BUSINESS EXPENSES**

(Labor Code § 2802)

*Against All Defendants*

71.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

72.    Plaintiff and the Aggrieved Employees are and/or were employees of Defendants who did not receive proper protections and benefits of the laws governing reimbursement of business expenses.

73.    Labor Code § 2802(a) requires that the employer indemnify its employees for expenses and losses incurred while discharging their duties or in obedience to the directions of their employer.

74.    At all relevant times herein mentioned, as a condition of employment, Defendants required Plaintiff and the Aggrieved Employees to incur necessary business-related expenses and costs without reimbursement, including, but not limited to, acquiring and maintaining a smart phone and related monthly data plan to communicate with Defendants via phone and text message.

75.    At all relevant times herein, Defendants violated Labor Code § 2802(a) when they failed to reimburse Plaintiff and the Aggrieved Employees for expenses incurred as a direct consequence of employment with Defendants and/or under the direction of Defendants.

76.    At all relevant times herein, Defendants failed to reimburse the Aggrieved Employees, including Plaintiff, for expenses incurred while discharging duties to Defendants, thereby receiving an economic benefit.

77.     As a result of the unlawful employment practices alleged herein, Plaintiff, on behalf of the State of California, seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under PAGA.

## SIXTH CAUSE OF ACTION

**PAGA ASSESSMENT FOR FAILURE TO TIMELY PAY WAGES EACH PERIOD**

(Labor Code § 204)

*Against All Defendants*

78.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

79.     Plaintiff and the Aggrieved Employees are and/or were "non-exempt" employees of Defendants who did not receive proper protections and benefits of the laws regarding the timing of payment of wages each period.

80.     Labor Code § 204(a) states that all wages earned by a person are due and payable twice during each calendar month, and further states that wages earned during the first through fifteenth days of the month must be paid no later than the twenty-sixth day of the month, and that wages earned between the sixteenth and last day of the month must be paid by the tenth day of the following month.

81.     Furthermore, Labor Code § 204(d) states "[t]he requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period."

82.     At all relevant times herein, Defendants did not provide Plaintiff and the Aggrieved Employees with all wages due and owing each pay period, including, but not limited to, minimum, regular, and overtime wages, as well as meal and rest period premiums, within the time specified by Labor Code § 204.

83.     As a result of the unlawful employment practices alleged herein, Plaintiff, on behalf of the State of California, seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or

any other damages permitted under PAGA.

### SEVENTH CAUSE OF ACTION

**PAGA ASSESSMENT FOR FAILURE TO TIMELY PAY FINAL WAGES**

(Labor Code §§ 201 – 203)

*Against All Defendants*

84.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

85.    Plaintiff and the Aggrieved Employees are and/or were employees of Defendants who did not receive proper protections and benefits of the laws governing the timing and payment of wages.

86.    Labor Code § 201 requires that the employer immediately pay any wages, without abatement or reduction, to any employee who is discharged.

87.    Labor Code § 202 requires that the employer pay all wages earned and unpaid, without abatement or reduction, no later than 72 hours of receiving an employee's notice of intent to quit or immediately at the time of quitting if at least a 72-hour notice was provided.

88.    Labor Code §§ 201-203 cause the unpaid wages of the employee to continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, but the wages shall not continue for more than thirty (30) days.

89.    At all relevant times, Defendants employed a policy and practice whereby Plaintiff and the Aggrieved Employees were not paid all wages due and owing upon separation of employment within the time required by Labor Code §§ 201 and 202.

90.    Also, at all relevant times, Defendants engaged in the practice of failing to pay all wages due and owing to Plaintiff and the Aggrieved Employees upon separation of employment, including, but not limited to, minimum wages, overtime wages, meal and rest period premiums.

91.    Plaintiff alleges that, at all times material to this action, Defendants had a planned pattern and practice of failing to timely pay Plaintiff and the Aggrieved Employees all wages due and owing upon separation of employment as required by Labor Code §§ 201 and 202.

92.     As a result of the unlawful employment practices alleged herein, Plaintiff, on behalf of the State of California, seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under PAGA.

## EIGHTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

(Labor Code § 226)

*Against All Defendants*

93.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

94.     Plaintiff and the Aggrieved Employees are and/or were employees of Defendants who did not receive proper protections and benefits of the laws governing the provision of accurate itemized wage statements.

95.     Labor Code § 226(a) requires an employer to provide its employees with itemized wage statements accurately stating gross wages earned, all deductions, net wages earned, the inclusive dates of the pay period, the employee's name and the last four digits of his or her Social Security number (or employee identification number), the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

96.     Defendants violate Labor Code § 226(a) every pay period with respect to Plaintiff and the Aggrieved Employees because Defendants failed to provide any document that could constitute a wage statement within the meaning of Labor Code § 226.

97.     Furthermore, Defendants violate Labor Code § 226(a) every pay period with respect to Plaintiff and the Aggrieved Employees due to violations including: failure to accurately state total hours worked (for example, the wage statements failed to accurately reflect total compensable hours); failure to accurately state gross wages earned, all deductions, and net wages earned (due to, for example, the failure to pay all required minimum and overtime wages); failure to state the start and end dates of the pay period; failure to state the applicable hourly rates

(including the accurate overtime rate of pay); failure to state the inclusive dates of the pay period; failure to accurately state the name and address of the legal entity of the employer; and failure to accurately state the corresponding number of hours worked at each hourly rate.

98.    Additionally, Defendants' wage statements directly violated Labor Code § 226(a) each period due to the failure to pay and report premium wages for denied meal periods and rest breaks under § 226.7.

99.    Therefore, Defendants violate Labor Code § 226(a) every pay period with respect to Plaintiff and the Aggrieved Employees because Defendants failed to provide a wage statement to Plaintiff and the Aggrieved Employees that complied with the requirements of Labor Code § 226(a).

100.    Unlike class action claims, a PAGA plaintiff need not meet the "injury" and "knowing and intentional" violation requirements of Labor Code § 226(e).  See *Lopez v. Friant & Associates, LLC* (2017) 15 Cal.App.5th 773, 788 ("a plaintiff seeking civil penalties under PAGA for a violation of section 226(a) does not have to satisfy the "injury" and "knowing and intentional" requirements of section 226(e)(1)"); See also *Lawson v. ZB, N.A.* (2017) 18 Cal.App.5th 705, 722 ("the scienter requirement [of § 226(e)] has no application in a PAGA claim for violation of [§ 226(a)]").

101.    As a result of the Defendants' violations of Labor Code § 226, Plaintiff, on behalf of the State of California, seeks the assessment of all applicable and available PAGA remedies pursuant to Labor Code § 2699, and seeks to recover all attorneys' fees, costs, and/or any other damages permitted under PAGA.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## VI.    **PRAYER FOR RELIEF**

2       WHEREFORE, Plaintiff, on behalf of the State of California as the real party in interest,

3    prays for judgment and relief against Defendants, jointly and severally, as follows:

4           1.      For the assessment of all remedies and/or penalties available under the PAGA;

5           2.      For reasonable attorneys' fees and costs of suit to the extent permitted by law; and

6           3.      For such other and further relief as the Court deems just and proper.

7

8    Dated:  December 14, 2023            LAUBY, MANKIN & LAUBY LLP

9

10                                BY:  _____

11                                     Brian J. Mankin, Esq.
                                       Misty M. Lauby, Esq.
12                                     Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 5

ACCO,(SHKx),CLOSED,DISCOVERY,MANADR,STAYED

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Eastern Division - Riverside)
## CIVIL DOCKET FOR CASE #: 5:23-cv-02374-SVW-SHK

Beatrice Olmos v. Bristol Hospice Inland Valley, LLC et al
Assigned to: Judge Stephen V. Wilson
Referred to: Magistrate Judge Shashi H. Kewalramani
Case in other court: San Bernardino County Superior Court,
                CIVSB2323211
Cause: 28:1441 Notice of Removal - Labor/Mgmnt. Relations

Date Filed: 11/20/2023
Date Terminated: 02/01/2024
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Diversity

**Plaintiff**

**Beatrice Olmos**
*individually, on a representative basis, and
on behalf of all others similarly situated*

represented by **Brian J Mankin**
Lauby Mankin and Lauby LLP
5198 Arlington Avenue, PMB 513
Riverside, CA 92504
951-320-1444
Fax: 951-320-1445
Email: brian@lmlfirm.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Misty M Lauby**
Lauby Mankin and Lauby LLP
5198 Arlington Avenue PMB 513
Riverside, CA 92504
951-320-1444
Fax: 951-320-1445
Email: misty@lmlfirm.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Bristol Hospice Inland Valley, LLC**
*a Delaware Limited Liability Company*

represented by **Gonzalo Morales**
Jackson Lewis PC
50 California Street 9th Floor
San Francisco, CA 94111-4615
415-394-9400
Fax: 415-394-9401
Email: gonzalomorales@gbgllp.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Lara Prodanovich Besser**
Jackson Lewis P.C.
225 Broadway, Suite 1800
San Diego, CA 92101

619-573-4918
Email: lara.besser@jacksonlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bristol Hospice California, LLC**
*a Utah Limited Liability Company*

represented by **Gonzalo Morales**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lara Prodanovich Besser**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bristol Hospice Coachella Valley, LLC**
*a Delaware Limited Liability Company*

represented by **Gonzalo Morales**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lara Prodanovich Besser**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bristol Hospice Inland Empire, LLC**
*a Delaware Limited Liability Company*

represented by **Gonzalo Morales**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lara Prodanovich Besser**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bristol Hospice Sacramento, LLC**
*a Utah Limited Liability Company*

represented by **Gonzalo Morales**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lara Prodanovich Besser**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bristol Hospice San Diego, LLC**
*a Delaware Limited Liability Company*

represented by **Gonzalo Morales**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Lara Prodanovich Besser**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bristol Hospice San Jose, LLC**          represented by   **Gonzalo Morales**
*a Delaware Limited Liability Company*                       (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Lara Prodanovich Besser**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Bristol Hospice Simi Valley, LLC**       represented by   **Gonzalo Morales**
*a Delaware Limited Liability Company*                       (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Lara Prodanovich Besser**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Bristol Hospice Stockton, LLC**          represented by   **Gonzalo Morales**
*a Uath Limited Liability Company*                           (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Lara Prodanovich Besser**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*1 through 10, inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/20/2023 | 1 | NOTICE OF REMOVAL from San Bernardino County Superior Court, case number CIVSB2323211 Receipt No: ACACDC-36443378 - Fee: $402, filed by Defendants Bristol Hospice Sacramento, LLC, Bristol Hospice California, LLC, Bristol Hospice San Diego, LLC, Bristol Hospice Simi Valley, LLC, Bristol Hospice Inland Valley, LLC, Bristol Hospice San Jose, LLC, Bristol Hospice Coachella Valley, LLC, Bristol Hospice Stockton, LLC, Bristol Hospice Inland Empire, LLC. (Attorney Gonzalo Morales added to party Bristol Hospice California, LLC(pty:dft), Attorney Gonzalo Morales added to party Bristol |

| | | |
|---|---|---|
| | | Hospice Coachella Valley, LLC(pty:dft), Attorney Gonzalo Morales added to party Bristol Hospice Inland Empire, LLC(pty:dft), Attorney Gonzalo Morales added to party Bristol Hospice Inland Valley, LLC(pty:dft), Attorney Gonzalo Morales added to party Bristol Hospice Sacramento, LLC(pty:dft), Attorney Gonzalo Morales added to party Bristol Hospice San Diego, LLC(pty:dft), Attorney Gonzalo Morales added to party Bristol Hospice San Jose, LLC(pty:dft), Attorney Gonzalo Morales added to party Bristol Hospice Simi Valley, LLC(pty:dft), Attorney Gonzalo Morales added to party Bristol Hospice Stockton, LLC(pty:dft))(Morales, Gonzalo) (Entered: 11/20/2023) |
| 11/20/2023 | 2 | DECLARATION of Lara Prodanovich Besser filed by Defendants Bristol Hospice California, LLC, Bristol Hospice Coachella Valley, LLC, Bristol Hospice Inland Empire, LLC, Bristol Hospice Inland Valley, LLC, Bristol Hospice Sacramento, LLC, Bristol Hospice San Diego, LLC, Bristol Hospice San Jose, LLC, Bristol Hospice Simi Valley, LLC, Bristol Hospice Stockton, LLC. (Attachments: # 1 Exhibit A - SBSC Complaint, # 2 Exhibit B - SBSC Notices of Acknowledgment of Receipt-Civil, # 3 Exhibit C - SBSC Notice of Case Assignment and CMC, # 4 Exhibit D - SBSC Answer to Complaint) (Morales, Gonzalo) (Entered: 11/20/2023) |
| 11/20/2023 | 3 | DECLARATION of Owen Christenson filed by Defendants Bristol Hospice California, LLC, Bristol Hospice Coachella Valley, LLC, Bristol Hospice Inland Empire, LLC, Bristol Hospice Inland Valley, LLC, Bristol Hospice Sacramento, LLC, Bristol Hospice San Diego, LLC, Bristol Hospice San Jose, LLC, Bristol Hospice Simi Valley, LLC, Bristol Hospice Stockton, LLC. (Morales, Gonzalo) (Entered: 11/20/2023) |
| 11/20/2023 | 4 | CERTIFICATION AND NOTICE OF INTERESTED FILED AS Notice filed by Defendants Bristol Hospice California, LLC, Bristol Hospice Coachella Valley, LLC, Bristol Hospice Inland Empire, LLC, Bristol Hospice Inland Valley, LLC, Bristol Hospice Sacramento, LLC, Bristol Hospice San Diego, LLC, Bristol Hospice San Jose, LLC, Bristol Hospice Simi Valley, LLC, Bristol Hospice Stockton, LLC. *Notice of Interested Entities Parties* (Morales, Gonzalo) Modified on 11/22/2023 (ghap). (Entered: 11/20/2023) |
| 11/20/2023 | 5 | CIVIL COVER SHEET filed by Defendants Bristol Hospice California, LLC, Bristol Hospice Coachella Valley, LLC, Bristol Hospice Inland Empire, LLC, Bristol Hospice Inland Valley, LLC, Bristol Hospice Sacramento, LLC, Bristol Hospice San Diego, LLC, Bristol Hospice San Jose, LLC, Bristol Hospice Simi Valley, LLC, Bristol Hospice Stockton, LLC. (Morales, Gonzalo) (Entered: 11/20/2023) |
| 11/20/2023 | | NON CONFORM COPY OF COMPLAINT against Defendants Bristol Hospice California, LLC, Bristol Hospice Coachella Valley, LLC, Bristol Hospice Inland Empire, LLC, Bristol Hospice Inland Valley, LLC, Bristol Hospice Sacramento, LLC, Bristol Hospice San Diego, LLC, Bristol Hospice San Jose, LLC, Bristol Hospice Simi Valley, LLC, Bristol Hospice Stockton, LLC, Does 1 thorugh 10, inclusive. Jury Demanded., filed by plaintiff Beatrice Olmos. (SUBMITTED ATTACHED EXHIBIT A OF DECLARATION OF LARA P. BESSER) (ghap) (Entered: 11/22/2023) |
| 11/20/2023 | | NON CONFORM COPY OF NOTICE AND ACKNOWLEDGMENT OF SERVICE of Summons and Complaint returned Executed filed by Plaintiff Beatrice Olmos, upon Defendant Bristol Hospice California, LLC acknowledgment sent by Plaintiff on 9/27/2023, answer due 10/18/2023. Acknowledgment of Service signed by Lara Besser, Attorney for Defendant Bristol Hospice- California, LLC. (SUBMITTED ATTACHED EXHIBIT B OF DECLARATION OF LARA P. BESSER) (ghap) (Entered: 11/22/2023) |
| 11/20/2023 | | NON CONFORM COPY OF NOTICE AND ACKNOWLEDGMENT OF SERVICE of Summons and Complaint returned Executed filed by Plaintiff Beatrice Olmos, upon Defendant Bristol Hospice Coachella Valley, LLC acknowledgment sent by Plaintiff on 9/27/2023, answer due 10/18/2023. Acknowledgment of Service signed by Lara Besser, Attorney for Defendant Bristol Hospice- Coachella Valley, LLC. (SUBMITTED |

| | ATTACHED EXHIBIT B OF DECLARATION OF LARA P. BESSER) (ghap) (Entered: 11/22/2023) |
|---|---|
| 11/20/2023 | NON CONFORM COPY OF NOTICE AND ACKNOWLEDGMENT OF SERVICE of Summons and Complaint returned Executed filed by Plaintiff Beatrice Olmos, upon Defendant Bristol Hospice Inland Empire, LLC acknowledgment sent by Plaintiff on 9/27/2023, answer due 10/18/2023. Acknowledgment of Service signed by Lara Besser, Attorney for Defendant Bristol Hospice- Inland Empire, LLC. (SUBMITTED ATTACHED EXHIBIT B OF DECLARATION OF LARA P. BESSER) (ghap) (Entered: 11/22/2023) |
| 11/20/2023 | NON CONFORM COPY OF NOTICE AND ACKNOWLEDGMENT OF SERVICE of Summons and Complaint returned Executed filed by Plaintiff Bristol Hospice Inland Valley, LLC, upon Defendant Bristol Hospice Inland Valley, LLC acknowledgment sent by Plaintiff on 9/27/2023, answer due 10/18/2023. Acknowledgment of Service signed by Lara Besser, Attorney for Defendant Bristol Hospice-Inland Valley, LLC. (SUBMITTED ATTACHED EXHIBIT B OF DECLARATION OF LARA P. BESSER) (ghap) (Entered: 11/22/2023) |
| 11/20/2023 | NON CONFORM COPY OF NOTICE AND ACKNOWLEDGMENT OF SERVICE of Summons and Complaint returned Executed filed by Plaintiff Beatrice Olmos, upon Defendant Bristol Hospice Sacramento, LLC acknowledgment sent by Plaintiff on 9/27/2023, answer due 10/18/2023. Acknowledgment of Service signed by Lara Besser, Attorney for Defendant Bristol Hospice- Sacramento, LLC. (SUBMITTED ATTACHED EXHIBIT B OF DECLARATION OF LARA P. BESSER) (ghap) (Entered: 11/22/2023) |
| 11/20/2023 | NON CONFORM COPY OF NOTICE AND ACKNOWLEDGMENT OF SERVICE of Summons and Complaint returned Executed filed by Plaintiff Beatrice Olmos, upon Defendant Bristol Hospice San Diego, LLC acknowledgment sent by Plaintiff on 9/27/2023, answer due 10/18/2023. Acknowledgment of Service signed by Lara Besser, Attorney for Defendant Bristol Hospice-San Diego, LLC. (SUBMITTED ATTACHED EXHIBIT B OF DECLARATION OF LARA P. BESSER) (ghap) (Entered: 11/22/2023) |
| 11/20/2023 | NON CONFORM COPY OF NOTICE AND ACKNOWLEDGMENT OF SERVICE of Summons and Complaint returned Executed filed by Plaintiff Beatrice Olmos, upon Defendant Bristol Hospice San Jose, LLC acknowledgment sent by Plaintiff on 9/27/2023, answer due 10/18/2023. Acknowledgment of Service signed by Lara Besser, Attorney for Defendant Bristol Hospice- San Jose, LLC. (SUBMITTED ATTACHED EXHIBIT B OF DECLARATION OF LARA P. BESSER) (ghap) (Entered: 11/22/2023) |
| 11/20/2023 | NON CONFORM COPY OF NOTICE AND ACKNOWLEDGMENT OF SERVICE of Summons and Complaint returned Executed filed by Plaintiff Beatrice Olmos, upon Defendant Bristol Hospice Simi Valley, LLC acknowledgment sent by Plaintiff on 9/27/2023, answer due 10/18/2023. Acknowledgment of Service signed by Lara Besser, Attorney for Defendant Bristol Hospice-Simi Valley, LLC. (SUBMITTED ATTACHED EXHIBIT B OF DECLARATION OF LARA P. BESSER) (ghap) (Entered: 11/22/2023) |
| 11/20/2023 | NON CONFORM COPY OF NOTICE AND ACKNOWLEDGMENT OF SERVICE of Summons and Complaint returned Executed filed by Plaintiff Beatrice Olmos, upon Plaintiff Bristol Hospice Stockton, LLC acknowledgment sent by Plaintiff on 9/27/2023, answer due 10/18/2023. Acknowledgment of Service signed by Lara Besser, Attorney for Defendant Bristol Hospice-Stockton, LLC. (SUBMITTED ATTACHED EXHIBIT B OF DECLARATION OF LARA P. BESSER) (ghap) (Entered: 11/22/2023) |
| 11/20/2023 | NON CONFORM COPY OF ANSWER to Complaint - (Discovery),, filed by Defendants Bristol Hospice California, LLC, Bristol Hospice Coachella Valley, LLC, Bristol Hospice Inland Empire, LLC, Bristol Hospice Inland Valley, LLC, Bristol Hospice Sacramento, LLC, Bristol Hospice San Diego, LLC, Bristol Hospice San Jose, LLC, Bristol Hospice |

| | | Simi Valley, LLC, Bristol Hospice Stockton, LLC. (SUBMITTED ATTACHED EXHIBIT D OF DECLARATION OF LARA P. BESSER) (ghap) (Entered: 11/22/2023) |
|---|---|---|
| 11/22/2023 | 6 | NOTICE OF ASSIGNMENT of Eastern Division Removal Case and Notice re Consent to proceed before a U.S. Magistrate Judge. This case was initially assigned to District Judge Sunshine Suzanne Sykes and referred to Magistrate Judge Shashi H. Kewalramani for discovery. Pursuant to this Court's General Order in the Matter of Assignment of Cases and Duties to the District Judges, this case has been randomly reassigned to District Judge Stephen V. Wilson. The case number on all documents filed with the Court in this case should read as follows: 5:23-cv-02374 SVW (SHKx). (ghap) (Entered: 11/22/2023) |
| 11/22/2023 | 7 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (ghap) (Entered: 11/22/2023) |
| 11/22/2023 | 8 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (ghap) (Entered: 11/22/2023) |
| 11/22/2023 | 9 | NOTICE OF DEFICIENCIES in Attorney Case Opening RE: Notice (Other), 4 . The following error(s) was found: Other error(s) with document(s): Incorrect event selected. Correct event to be used is Certificate/Notice of Interested Parties. You need not take any action in response to this notice unless and until the Court directs you to do so. (ghap) (Entered: 11/22/2023) |
| 11/27/2023 | 10 | NEW CASE ORDER upon filing of the complaint by Judge Stephen V. Wilson. (pc) (Entered: 11/27/2023) |
| 11/27/2023 | 11 | ORDER SETTING INITIAL STATUS CONFERENCE for 1/8/2024 at 3:00 PM before Judge Stephen V. Wilson. (pc) (Entered: 11/27/2023) |
| 11/27/2023 | 12 | CERTIFICATE OF SERVICE filed by Defendants Bristol Hospice California, LLC, Bristol Hospice Coachella Valley, LLC, Bristol Hospice Inland Empire, LLC, Bristol Hospice Inland Valley, LLC, Bristol Hospice Sacramento, LLC, Bristol Hospice San Diego, LLC, Bristol Hospice San Jose, LLC, Bristol Hospice Simi Valley, LLC, Bristol Hospice Stockton, LLC, re Civil Cover Sheet (CV-71), 5 , Declaration, 3 , Notice of Reassignment of Eastern Division Removal Case (CV-106) - optional html form,, 6 , Notice of Removal (Attorney Civil Case Opening),,,, 1 , Declaration,, 2 , Notice to Counsel Re: Consent to Proceed before a US Magistrate Judge - optional html form 8 , Initial Order Setting R26 Scheduling Conference - form only 11 , Notice to Parties of Court-Directed ADR Program (ADR-8) - optional html form 7 , Deficiency in Attorney Case Opening - optional html form, 9 , Notice (Other), 4 , Initial Order upon Filing of Complaint - form only 10 served on 11/27/2023. (Besser, Lara) (Entered: 11/27/2023) |
| 01/02/2024 | 13 | NOTICE OF MOTION AND MOTION to to Appear Telephonically or by Video Conference filed by plaintiff Beatrice Olmos. (Mankin, Brian) (Entered: 01/02/2024) |
| 01/02/2024 | 14 | NOTICE of Interested Parties filed by Plaintiff Beatrice Olmos, identifying Bristol Hospice Inland Empire, LLC; Bristol Hospice California, LLC; Bristol Hospice Coachella Valley, LLC; Bristol Hospice Inland Valley, LLC; Bristol Hospice Sacramento, LLC; Bristol Hospice San Diego, LLC; Bristol Hospice San Jose, LLC; Bristol Hospice Simi Valley, LLC; Bristol Hospice Stockton, LLC. (Mankin, Brian) (Entered: 01/02/2024) |
| 01/02/2024 | 15 | DECLARATION of Lara P. Besser re Initial Order Setting R26 Scheduling Conference - form only 11 *Request to Appear Remotely* filed by Defendants Bristol Hospice California, LLC, Bristol Hospice Coachella Valley, LLC, Bristol Hospice Inland Empire, LLC, Bristol Hospice Inland Valley, LLC, Bristol Hospice Sacramento, LLC, Bristol Hospice San Diego, LLC, Bristol Hospice San Jose, LLC, Bristol Hospice Simi Valley, LLC, Bristol Hospice Stockton, LLC. (Besser, Lara) (Entered: 01/02/2024) |

| 01/04/2024 | 16 | SCHEDULING NOTICE-IN CHAMBERS ORDER/TEXT ONLY ENTRY by Judge Stephen V. Wilson: The initial status conference scheduled for 01/08/2024 at 3:00 p.m. is advanced to 2:00 PM. All requests to appear remotely are granted. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (pc) TEXT ONLY ENTRY (Entered: 01/04/2024) |
|---|---|---|
| 01/08/2024 | 17 | SCHEDULING NOTICE-IN CHAMBERS ORDER/TEXT ONLY ENTRY by Judge Stephen V. Wilson: The initial status conference scheduled for 01/08/2024 at 2:00 p.m. is vacated and off-calendar. The parties, having reported that they have agreed to binding arbitration, are ordered, within ten days of this notice, to submit a stipulation, with a declaration, and a proposed order, to stay the case pending arbitration. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (pc) TEXT ONLY ENTRY (Entered: 01/08/2024) |
| 01/18/2024 | 18 | Joint STIPULATION to Dismiss Case, Joint STIPULATION to Stay Case filed by plaintiff Beatrice Olmos. (Attachments: # 1 Proposed Order)(Mankin, Brian) (Entered: 01/18/2024) |
| 02/01/2024 | 19 | ORDER GRANTING STAY PENDING ARBITRATION by Judge Stephen V. Wilson. It is hereby ordered that: This action will be stayed pending final determination of the arbitration proceedings, all pending hearings, conferences, and deadlines in this civil action will be taken off calendar, the class claims will be dismissed.; The case is moved to the inactive calendar, the parties shall notify the Court, in writing, when the case should be restored to the active calendar. (See document for further details). (MD JS-6. Case Terminated) (aco) (Entered: 02/01/2024) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/19/2024 10:33:13 | | | |
| **PACER Login:** | gtoscano | **Client Code:** | Optimal |
| **Description:** | Docket Report | **Search Criteria:** | 5:23-cv-02374-SVW-SHK End date: 8/19/2024 |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |

EXHIBIT 6

1  Brian J. Mankin, Esq. [CSB No. 216228]
   *brian@lmlfirm.com*
2  Misty M. Lauby, Esq. [CSB No. 243009]
   *misty@lmlfirm.com*
3  LAUBY, MANKIN & LAUBY LLP
   5198 Arlington Avenue, PMB 513
4  Riverside, CA  92504
   Tel:  (951) 320-1444 | Fax: (951) 320-1445
5
6  Attorneys for Plaintiffs Beatrice Olmos on a representative basis and on behalf of
   all others similarly situated
7  (Additional parties on next page)

8                UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11  BEATRICE OLMOS, individually, on         Case No.:  5:23-cv-02374 SVW
    a representative basis, and on behalf of  (SHKw)
12  all others similarly situated;
                                             **JOINT STIPULATION TO**
13             Plaintiff,                     **DISMISS ACTION OR STAY**
                                             **ACTION AND SUBMIT CLAIMS**
14        vs.                                 **TO BINDING ARBITRATION;**
                                             **DECLARATION OF MISTY M.**
15  BRISTOL HOSPICE – INLAND                  **LAUBY**
    VALLEY, LLC, a Delaware Limited
16  Liability Company; BRISTOL
    HOSPICE – CALIFORNIA, LLC, a
17  Utah Limited Liability Company;
    BRISTOL HOSPICE – COACHELLA
18  VALLEY, LLC, a Delaware Limited
    Liability Company; BRISTOL
19  HOSPICE – INLAND EMPIRE, LLC,
    a Delaware Limited Liability
20  Company; BRISTOL HOSPICE –
    SACRAMENTO, LLC, a Utah Limited
21  Liability Company; BRISTOL
    HOSPICE – SAN DIEGO, LLC, a
22  Delaware Limited Liability Company;
    BRISTOL HOSPICE – SAN JOSE,
23  LLC, a Delaware Limited Liability
    Company; BRISTOL HOSPICE –
24  SIMI VALLEY, LLC, a Delaware
    Limited Liability Company; BRISTOL
25  HOSPICE – STOCKTON, LLC, a
    Utah Limited Liability Company; and    Complaint filed: 9/20/2023
26  DOES 1 through 10, inclusive;          Removed: 11/20/2023
27
28             Defendants.

────────────────────────────────────────────

1  Lara P. Besser (SBN 282289)
2  Gonzalo Morales (SBN 334944)
3  JACKSON LEWIS P.C.
   225 Broadway, Suite 1800
4  San Diego, California 92101
5  Telephone: (619) 573-4900
   Facsimile: (619) 573-4901
6  Email: Lara.Besser@jacksonlewis.com
7  Email: Gonzalo.Morales@jacksonlewis.com

8  Attorneys for Defendants
9  BRISTOL HOSPICE - INLAND VALLEY, LLC; BRISTOL HOSPICE -
   CALIFORNIA, LLC; BRISTOL HOSPICE - COACHELLA VALLEY, LLC;
10 BRISTOL HOSPICE - INLAND EMPIRE, LLC; BRISTOL HOSPICE -
   SACRAMENTO, LLC; BRISTOL HOSPICE - SAN DIEGO, LLC; BRISTOL
11 HOSPICE - SAN JOSE, LLC; BRISTOL HOSPICE - SIMI VALLEY, LLC;
12 BRISTOL HOSPICE - STOCKTON, LLC

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Beatrice Olmos ("Beatrice Olmos") and Defendants Bristol Hospice – Inland Valley, LLC, Bristol Hospice – California, LLC, Bristol Hospice – Coachella Valley, LLC, Bristol Hospice – Inland Empire, LLC, Bristol Hospice – Sacramento, LLC, Bristol Hospice – San Diego, LLC, Bristol Hospice – San Jose, LLC, Bristol Hospice – Simi Valley, LLC, and Bristol Hospice – Stockton, LLC ("Defendants") by and through their undersigned counsel, hereby stipulate and agree as follows:

## I. RECITALS

**WHEREAS**, on September 26, 2023, Plaintiff filed her Class Action Complaint in the Superior Court of the State of California County of San Bernardino, alleging claims against the above named Defendants for (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to provide rest breaks; (4) failure to reimburse business expenses; (5) failure to timely pay final wages; (7) failure to provide accurate itemized wage statements; and (8) unfair and unlawful competition on behalf of all non-exempt employees that performed nursing and/or hospice work for Defendants in the State of California and who were employed by Defendants during the four years prior to filing of the action.

**WHEREAS**, Defendants removed the case to the United States District Court Central District of California, Eastern Division on November 27, 2023.

**WHEREAS**, on January 2, 2024, Plaintiff's counsel received, for the first time, a copy of a binding arbitration agreement ("Arbitration Agreement") between Plaintiff and Defendants that includes a class action waiver requiring that Plaintiff proceed on an individual basis. A true and correct copy of the arbitration agreement is attached hereto as **Exhibit A**.

**WHEREAS**, the Partis agree that Plaintiff's individual claims in this care are subject to binding arbitration pursuant to the Arbitration Agreement; and

1        **WHEREAS**, on January 8, 2024, the Court issued a Scheduling Notice-In

2   Chambers (Document 17) ordering the Parties to submit a stipulation with

3   declaration, and a proposed order, to stay the case pending arbitration.

4        **WHEREAS**, as an alternative to staying the action, Plaintiff is also

5   amenable to having the Court dismiss this Action without prejudice, as Plaintiff

6   will simply pursue her individual claims in Arbitration, and then return to state

7   court where she has a separately pending PAGA action.

8   **STIPULATION**

9        **NOW, THEREFORE**, subject to the approval of this Court, the Parties, by

10  and through their respective counsel, hereby **STIPULATE AND AGREE THAT**:

11     1) Plaintiff Beatrice Olmos shall submit her individual claims in this action

12        against Defendants to binding private arbitration by submitting the

13        demand to JAMS directly.

14     2) Plaintiff's claims against Defendants' will proceed in arbitration before

15        JAMS in accordance with the terms of the Arbitration Agreement.

16     3) Defendants shall pay for all arbitration fees and costs of arbitration per

17        Paragraph 10 of the Arbitration Agreement.

18     4) This action is hereby dismissed without prejudice;

19  OR

20     5) If the Court prefers, this action will be stayed pending final determination

21        of the arbitration proceedings, all pending hearings, conferences and

22        deadlines in this civil action will be taken off calendar, the class claims

23        will be dismissed, and the Court will retain jurisdiction for the limited

24        purpose of entertaining statutory proceedings, including petitions to

25        confirm, vacate or correct any arbitration award.

26    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

27       Pursuant to Local Rule 5-4.3.4(2)(i), I hereby attest that the content of this

28  document is acceptable to Lara P. Besser, Esq., counsel for Defendants and that I

---

JOINT STIPULATION TO DISMISS ACTION OR STAY ACTION AND SUBMIT CLAIMS TO BINDING ARBITRATION; DECLARATION OF MISTY M. LAUBY

-4-

have obtained Ms. Besser's authorization to affix her electronic signature to this document.

Dated:  January 18, 2024             LAUBY, MANKIN & LAUBY LLP


                                     BY:  _____*/s/ Misty M. Lauby*_____
                                          Misty M. Lauby, Esq.
                                          Attorney for Plaintiff


Dated:  January 18, 2024             JACKSON LEWIS P.C.


                                     BY:  _____*/s/ Lara P. Besser*_____
                                          Lara P. Besser, Esq.
                                          Attorney for Defendants

# DECLARATION OF MISTY M. LAUBY

I, Misty M. Lauby, state and declare:

1.      I am an attorney licensed to practice before all of the courts of the State of California and the U.S. District Court for the Central District of California. I am a partner with the law firm of Lauby Mankin Lauby LLP, which has offices in Orange County and Riverside County.  I am thoroughly familiar with and have personal knowledge of all of the facts set forth herein.  I submit this declaration in support of this Joint Stipulation to Stay Action and Submit to Binding Arbitration.

2.      On September 26, 2023, Plaintiff filed her Class Action Complaint in the Superior Court of the State of California County of San Bernardino, alleging claims against the above named Defendants for (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to provide rest breaks; (4) failure to reimburse business expenses; (5) failure to timely pay final wages; (7) failure to provide accurate itemized wage statements; and (8) unfair and unlawful competition on behalf of all non-exempt employees that performed nursing and/or hospice work for Defendants in the State of California and who were employed by Defendants during the four years prior to filing of the action.

3.      Defendants removed the case to the United States District Court Central District of California, Eastern Division on November 27, 2023.

4.      On January 2, 2024, Plaintiff's counsel received, for the first time, a copy of a binding arbitration agreement between Plaintiff and Defendants that includes a class action waiver requiring that Plaintiff proceed on an individual basis.  A true and correct copy of the arbitration agreement is attached hereto as **Exhibit A**.

5.      The Partis agree that Plaintiff's individual claims in this care are subject to binding arbitration pursuant to the Arbitration Agreement.

---

6.    On January 8, 2024, the Court issued a Scheduling Notice-In Chambers (Document 17) ordering the Parties to submit a stipulation with declaration, and a proposed order, to stay the case pending arbitration.

7.    Therefore, the Parties stipulate and request that the Court issue the following Orders:

1) Plaintiff Beatrice Olmos shall submit her individual claims in this action against Defendants to binding private arbitration by submitting the demand to JAMS directly;

2) Plaintiff's claims against Defendants' will proceed in arbitration before JAMS in accordance with the terms of the Arbitration Agreement;

3) Defendants shall pay for all arbitration fees and costs of arbitration per Paragraph 10 of the Arbitration Agreement;

4) This action is hereby dismissed without prejudice;

OR

5) If the Court prefers, this action will be stayed pending final determination of the arbitration proceedings, all pending hearings, conferences and deadlines in this civil action will be taken off calendar, and the Court will retain jurisdiction for the limited purpose of entertaining statutory proceedings, including petitions to confirm, vacate or correct any arbitration award.

I declare under penalty of perjury under the laws of United States of America and the State of California that the foregoing is true and correct. Executed on January 18, 2024, at Los Angeles, California.

By:    _/s/ Misty M. Lauby_
Misty M. Lauby, Esq.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 18, 2024, a true and accurate copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

Dated:  January 18, 2024                  LAUBY, MANKIN & LAUBY LLP


BY:   _____*/s/ Misty M. Lauby*_____
                    Brian J. Mankin, Esq.
                    Misty M. Lauby, Esq.
                    Attorneys for Plaintiff

4867-0426-0254, v. 1

EXHIBIT "A"

## MUTUAL AGREEMENT TO ARBITRATE

1. **Voluntary Mutual Agreement to Arbitrate Claims.** Bristol Hospice, LLC and all of its related entities and subsidiaries (hereinafter "Company") and Beatrice Olmos ("Employee") voluntarily agree to the resolution by arbitration of all claims, disputes, and/or controversies (collectively "claims"), whether or not arising out of Employee's employment or the termination of employment, that Company may have against Employee or that Employee may have against Company or against its employees or agents in their capacity as employees or agents. The claims covered by this Arbitration Agreement include, but are not limited to, claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims; claims for discrimination or harassment, including, but not limited to, alleged violation of any federal or state civil rights laws, ordinances, regulations or orders, based on charges of discrimination or harassment on account of race, color, religion, sex, sexual orientation, age, citizenship, national origin, mental or physical disability, medical condition, genetic predisposition, marital status, pregnancy or any other discrimination or harassment prohibited by such laws, ordinances, regulations or orders; claims for benefits (except where an employee benefit or retirement plan specifies that its claims procedures shall culminate in an arbitration procedure different from this), and claims for violation of any federal, state, or other governmental law, statute, regulation or ordinance, except claims specifically excluded below.

Disputes relating to the interpretation, applicability, and enforceability of this Agreement, including disputes as specified in paragraph 2 relating to the enforceability of any class, collective, or representative action waiver, shall be resolved by the court.

2. **Class and Representative Action Waiver.** Employee and Company expressly intend and agree that each will forego pursuing any covered dispute on a class, collective, or representative basis and will not assert class, collective, or representative action claims against the other in arbitration or otherwise. Employee and Company shall only submit their own, individual claims in arbitration. Employee and Company shall be entitled to seek dismissal of any class, collective, or representative claims that the other party attempts to bring and may assert this Agreement as a defense in any proceeding in which class, collective, or representative actions are brought.

This waiver does not apply to any class, collective, or representative claims that cannot be waived as a matter of law. Any class, collective, or representative claim that cannot be waived as a matter of law is not subject to this Agreement and must proceed in the applicable state or federal court.

The Company and Employee further agree that any question regarding the arbitrability of class, collective, or representative claims shall be decided by a court of law and not an arbitrator.

3. **Claims Not Covered by the Agreement.**  Claims that Employee may have for workers' compensation or for unemployment compensation benefits, or that Company or Employee may have for injunctive relief are not covered by this Agreement. Additionally, nothing in this Agreement shall preclude Employee from filing a complaint or charge with the Equal Employment Opportunity Commission (EEOC), the U.S. Department of Labor (DOL), the National Labor Relations Board (NLRB), the California Department of Fair Employment and Housing (DFEH), the California Division of Labor Standards Enforcement (DLSE), or any other applicable local, state, or federal agency. Employee is required to take any steps necessary where required by law to first exhaust administrative remedies prior to initiating a claim for arbitration.  Any claim that cannot be administratively resolved before an applicable agency will be subject to arbitration.

If either Company or Employee have more than one claim against the other, one or more of which is not covered by this Agreement, such claims shall be determined separately in the appropriate forum for resolution of those claims.  Nothing in this Agreement shall preclude the parties from agreeing to resolve claims not covered by this Agreement pursuant to the provisions of this Agreement.

This Agreement does not cover and is inapplicable to claims which have been filed as civil lawsuits in any court prior to the execution of this Agreement.

4. **Required Notice of Claims.**  All statutory claims which require the exhaustion of administrative remedies must be filed with the applicable state or federal agency within the time limits set forth by applicable state and federal law, prior to being submitted to arbitration, or such claims are waived.

If Employee or Company does not make a written request for arbitration within the limitations period applicable to a claim under applicable federal or state law, the party has waived its right to raise that claim, in any forum, arising out of that issue or dispute.

Written notice of a claim against Company, its subsidiaries, affiliated entities, officers, directors, employees or agents shall be sent to the then-current Company agent located at Bristol Hospice, LLC, 206 North 2100 West, Suite 202, Salt Lake City, Utah 84116.  Written notice of a claim against Employee shall be sent to Employee at the address that is on file in the Company's records.

5. **Arbitration Procedure.**  Company and Employee agree that, except as provided in this Agreement, any arbitration shall be in accordance with the Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et seq*.

Employee shall initiate the arbitration process by the delivery of a demand for arbitration on the then-current Company representative located at Bristol Hospice, LLC, 206 North 2100 West, Suite 202, Salt Lake City, Utah 84116, via certified mail return receipt and within the time limits which would apply to the filing of a civil complaint in

court. Company shall initiate the arbitration process by the delivery of a demand for arbitration on Employee at the address that is on file in the Company's records via certified mail return receipt and within the time limits which would apply to the filing of a civil complaint in court. A late request will be void.

6. **Selection of Arbitrator.** The Arbitrator shall be selected as follows: The parties shall first attempt to select a neutral arbitrator by mutual agreement. If the parties are unable to come to an agreement, the arbitrator shall be appointed consistent with the process set forth in the Judicial Arbitration and Mediation Services (JAMS) Employment Arbitration Rules, Rule 15. The JAMS Employment Arbitration Rules are available online at https://www.jamsadr.com/rules-employment-arbitration/ or upon request from the Company's Human Resources Department. The parties expressly agree that although JAMS will supply the parties with a list of arbitrators to conduct the arbitration, the arbitration will not be administered by JAMS, nor will it be subject to any JAMS rules or procedures other than Rule 15.

7. **Governing Law.** The Arbitrator shall apply the substantive law (and the law of remedies, if applicable) of California, or federal law, or both, as applicable to the claim(s) asserted. The Arbitrator shall have the authority to award all remedies and relief that would otherwise have been available if the claim had been brought by way of a civil complaint in court. **The arbitration shall be final and binding upon the parties.**

The Arbitrator should utilize the Federal Rules of Evidence as a guide to the admissibility of evidence. The parties retain the right to conduct a reasonable amount of discovery guided by the Federal Rules of Civil Procedure, and the Arbitrator shall have the power to decide any discovery disputes between the parties.

Either party, upon request at the close of hearing, shall be given leave to file a post-hearing brief. The time for filing such a brief shall be set by the Arbitrator.

8. **Location of Arbitration.** The parties agree that any arbitration shall take place in the State of California in the county in which Employee works or worked for Company, unless such venue is inconvenient to the majority of witnesses expected to be necessary to the case or unless the parties agree to some other locale.

9. **Arbitration Award.** Within sixty (60) days following the hearing and the submission of the matter to the Arbitrator, the Arbitrator shall issue a written opinion and award which shall be signed and dated. The Arbitrator's award shall include factual findings and the reasons upon which the award is based.

Either party may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement and to enforce an arbitration award.

10. **Arbitration Fees and Costs.** The cost of the Arbitrator and other incidental costs of arbitration shall be borne by Company. The parties shall each bear their own costs for legal representation in any arbitration proceeding, provided, however, that the Arbitrator shall have the authority to require either party to pay the fees for the other party's representation during the arbitration, as is otherwise permitted under federal or state law, as part of any remedy that may be ordered.

11. **Requirements for Modification or Revocation.** The Agreement to arbitrate shall survive the termination of Employee's employment. It can only be revoked or modified by a writing signed by Employee and the Executive Vice President of Human Resources of the Company that specifically states an intent to revoke or modify this Arbitration Agreement.

12. **Sole and Entire Agreement.** This is the complete Agreement of the parties on the subject of arbitration of disputes, except for any arbitration agreement in connection with any retirement or benefit plan. This Arbitration Agreement supersedes any prior or contemporaneous oral or written understanding on the subject. No party is relying on any representations, oral or written, on the subject of the effect, enforceability or meaning of this Arbitration Agreement, except as specifically set forth in this Arbitration Agreement.

13. **Construction and Severability.** If any provision of this Agreement is adjudged to be void or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Agreement. The parties expressly agree that the remainder of the Agreement should be enforced as written with the excision of the invalid provision only.

14. **Not an Employment Agreement.** This Arbitration Agreement is not, and shall not be construed to create, any contract of employment, express or implied. This Agreement does not in any way alter the "at-will" status of Employee's employment.

15. **Knowing Execution of Agreement.** Employee acknowledges that Employee has carefully read this Arbitration Agreement, that Employee understands its terms, that all understandings and agreements between Company and Employee relating to the subjects covered in the Agreement are contained in it, and that Employee has entered into the Agreement voluntarily and not in reliance on any promises or representations by Company other than those contained in this Agreement.

16. **Voluntary Agreement**. Employee is aware that execution of the Agreement is voluntary and that s/he is not required to sign this Agreement as a condition of employment. Employee is executing this Agreement voluntarily with that understanding.

EMPLOYEE UNDERSTANDS THAT BY SIGNING THIS AGREEMENT, COMPANY AND EMPLOYEE HAVE BOTH WAIVED THEIR RIGHT TO A JURY

TRIAL AND THEIR RIGHT TO ASSERT CLASS OR COLLECTIVE ACTION
CLAIMS WITH RESPECT TO ALL CLAIMS COVERED BY THIS AGREEMENT.

Employee initials: _____

EMPLOYEE FURTHER ACKNOWLEDGES THAT EMPLOYEE HAS BEEN
GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH
EMPLOYEE'S PRIVATE LEGAL COUNSEL AND HAS AVAILED HIMSELF OR
HERSELF OF THAT OPPORTUNITY TO THE EXTENT EMPLOYEE WISHES TO
DO SO.

Employee:                              Company:

_____                _____
Signature of Employee                  Signature of Authorized Company
                                       Representative

Beatrice Olmos                         EVP of Human Resources
_____                _____
Print Name of Employee                 Title of Representative

10/16/2020                             9/30/2020
_____                _____
Date                                   Date

1   Brian J. Mankin, Esq. [CSB No. 216228]
    *brian@lmlfirm.com*
2   Misty M. Lauby, Esq. [CSB No. 243009]
    *misty@lmlfirm.com*
3   LAUBY, MANKIN & LAUBY LLP
    5198 Arlington Avenue, PMB 513
4   Riverside, CA  92504
    Tel:  (951) 320-1444 | Fax: (951) 320-1445
5
6   Attorneys for Plaintiffs Beatrice Olmos on a representative basis and on behalf of
    all others similarly situated
7

8               UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  BEATRICE OLMOS, individually, on          Case No.:  5:23-cv-02374 SVW
    a representative basis, and on behalf of   (SHKw)
12  all others similarly situated;

13            Plaintiff,

14       vs.                                   **[PROPOSED] ORDER GRANTING
                                               DISMISSAL OR STAY PENDING
15  BRISTOL HOSPICE – INLAND                   ARBITRATION**
    VALLEY, LLC, a Delaware Limited
16  Liability Company; BRISTOL
    HOSPICE – CALIFORNIA, LLC, a
17  Utah Limited Liability Company;
    BRISTOL HOSPICE – COACHELLA
18  VALLEY, LLC, a Delaware Limited
    Liability Company; BRISTOL
19  HOSPICE – INLAND EMPIRE, LLC,
    a Delaware Limited Liability
20  Company; BRISTOL HOSPICE –
    SACRAMENTO, LLC, a Utah Limited
21  Liability Company; BRISTOL
    HOSPICE – SAN DIEGO, LLC, a
22  Delaware Limited Liability Company;
    BRISTOL HOSPICE – SAN JOSE,
23  LLC, a Delaware Limited Liability
    Company; BRISTOL HOSPICE –
24  SIMI VALLEY, LLC, a Delaware
    Limited Liability Company; BRISTOL
25  HOSPICE – STOCKTON, LLC, a
    Utah Limited Liability Company; and
26  DOES 1 through 10, inclusive;            Complaint filed: 9/20/2023
27                                           Removed: 11/20/2023
28            Defendants.

---

[PROPOSED] ORDER GRANTING DISMISSAL OR STAY PENDING ARBITRATION
-1-

Having reviewed the parties' Joint Stipulation to Dismiss Action or Stay Action and Submit Claims to Arbitration, and for good cause shown, it is hereby ordered that:

1) Plaintiff Beatrice Olmos shall submit her individual claims in this action against Defendants to binding private arbitration by submitting the demand to JAMS directly.

2) Plaintiff's claims against Defendants' will proceed in arbitration before JAMS in accordance with the terms of the Arbitration Agreement.

3) Defendants shall pay for all arbitration fees and costs of arbitration per Paragraph 10 of the Arbitration Agreement.

4) This action is hereby dismissed without prejudice.

                    OR

5) This action will be stayed pending final determination of the arbitration proceedings, all pending hearings, conferences, and deadlines in this civil action will be taken off calendar, the class claims will be dismissed, and the Court will retain jurisdiction for the limited purpose of entertaining statutory proceedings, including petitions to confirm, vacate or correct any arbitration award.

**IT IS SO ORDERED.**

Date: _____          _____

                                        JUDGE STEPHEN V. WILSON

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, the undersigned, am over the age of 18 years and not a party to this action. My business address is 1635 Pontius Avenue, Second Floor, Los Angeles, CA 90025-3361, which is located in Los Angeles County, where the service herein occurred.

On the date of execution hereof, I caused to be served the following attached document/s:

**FIRST AMENDED COMPLAINT**

on the interested parties in this action, addressed as follows:

*Attorneys for Defendants Bristol Hospice, LLC and Optimal Health Services, Inc.:*

Lara P. Besser, Esq.,
JACKSON LEWIS P.C.
225 Broadway, Suite 1800
San Diego, CA 92101-5050
Tel.: (619) 573-4918 / Fax: (619) 573-4901
Emails: Lara.Besser@jacksonlewis.com

Kelsey M. Morris, Esq.
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, CA 94111-4615
Tel.: (415) 394-9401 / Fax: (415) 394-9401
Emails: Kelsey.Morris@jacksonlewis.com

using the following service method:

**__X__ VIA ELECTRONIC SERVICE:** The above documents were electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the above interested parties.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on **April 25, 2025**, at Los Angeles, California.


_____*/s/Cindy Rivas*____
**Cindy Rivas**