UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA REY, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRISTOL HOSPICE, LLC, et al.,<br><br>Defendants. | Case No. 24-cv-04039-JD<br><br>**SECOND ORDER RE REMAND** |

The Court denied without prejudice a request by plaintiff Rey to remand the case to California state court on the basis of the local controversy exception to CAFA jurisdiction with respect to defendant Optimal Health Services. Dkt. No. 34. Remand was denied because the complaint had been drafted for state court purposes and did not provide enough information for the Court to evaluate CAFA-specific issues such as the exception. *Id*. at 1 (citing *Benko v. Quality Loan Service Corp.*, 789 F.3d 1111, 1117 (9th Cir. 2015)). Rey was granted leave to file an amended complaint to address the local controversy exception, and to file a renewed remand request. *Id*. at 2.

The amended complaint added substantial new factual allegations about Optimal Health. *See* Dkt. No. 36. Rey filed a new request for remand on the basis of the amended complaint. Dkt. No. 37.

The amended complaint plausibly alleges that the conduct of Optimal Health forms a significant basis of the claims and relief plaintiff seeks, and that greater than two-thirds of the members of the proposed classes in the aggregate are citizens of California. *See* 28 U.S.C. §§ 1332(d)(4)(A)(i)(I), (II)(bb). These are elements of the local controversy exception that defendants disputed in the prior remand proceedings. Dkt. No. 16. In opposition to the renewed

1  remand motion, defendants contend only that a prior class action, *Olmos v. Bristol Hospice -*
2  *Inland Valley, LLC et al.*, Case No. 5:23-cv-02374-SVW (C.D. Cal. 2023), alleged similar facts
3  and claims, and was filed within three years of the filing of this case. *See* Dkt. No. 40 at 5-9. If
4  so, remand may be barred. *See* 28 U.S.C. § 1332(d)(4)(A)(ii) (permitting remand only if, "during
5  the 3-year period preceding the filing of that class action, no other class action has been filed
6  asserting the same or similar factual allegations against any of the defendants on behalf of the
7  same or other persons."). Defendants do not challenge application of the local controversy
8  exception on any other basis.

9        *Olmos* does not do the work that defendants ask of it. The parties treat the claims and facts
10 in *Olmos* as similar to those here, and the Court will follow suit. The ECF docket maintained by
11 the Central District of California indicates that *Olmos* was removed to federal court on
12 November 20, 2023. Dkt. No. 1 (Case No. 5:23-cv-02374-SVW). Approximately eight weeks
13 later, on January 18, 2024, the parties filed a joint stipulation stating that "[p]laintiff's individual
14 claims in this care [sic] are subject to binding arbitration" pursuant to an arbitration clause that
15 also contained a class action waiver. Dkt. No. 18 at 3. On February 1, 2024, the district court
16 ordered plaintiff to arbitration on her individual claims, and dismissed the class claims *in toto*. *Id.*,
17 Dkt. No. 19 at 2. The docket does not indicate that anything substantive happened in the way of
18 motions or discovery and the like during the eight-week life of the case. The district court stayed
19 the case pending arbitration of the plaintiff's individual claims, as the Federal Arbitration Act
20 requires. *Id.*; *see Smith v. Spizzirri*, 601 U.S. 472, 473-74 (2024).

21       This is not a record that satisfies the plain language of Section 1332(d)(4)(A)(ii). "[T]he
22 reason for the no prior class action prerequisite to remand is to ensure that controversies giving
23 rise to multiple class actions be heard in federal court in one proceeding." *Kendrick v. Conduent*
24 *State & Loc. Sols., Inc.*, 910 F.3d 1255, 1261 (9th Cir. 2018) (citing *Bridewell-Sledge v. Blue*
25 *Cross of California*, 798 F.3d 923, 932 (9th Cir. 2015)). *Olmos* does not fit the bill as an "other
26 class action" within the meaning of Section 1332(d)(4)(A)(ii) because the class allegations were
27 dismissed at the very start of the litigation. It is certainly true, as defendants say, that *Olmos* was
28 literally filed, but the salient fact is that it "never proceeded independently" as a class action. *Id.*

United States District Court
Northern District of California

1    at 1260.  Consequently, as in *Kendrick*, "we are dealing with a single case, not two different class

2    actions proceeding on different tracks before different judges." *Id.* at 1261.

3        In light of this conclusion and the allegations in the amended complaint, there is "every

4    practical reason why the local action rule should apply" here.  *Id*.  The case is remanded to the

5    California Superior Court for the County of Alameda.  Each side will bear its own attorney's fees

6    and costs.

7    **IT IS SO ORDERED.**

8    Dated:  May 28, 2025

JAMES DONATO
United States District Judge